MAY WERNER AND ANTHONY WERNER, HER HUSBAND, RESPONDENTS, v. COMMONWEALTH CASUALTY COMPANY, APPELLANT.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellant, *Morrison, Lloyd & Morrison* (*Francis V. C. Lloyd,* of counsel).

For the respondents, *Breslin & Breslin* (*John J. Breslin, Jr.,* of counsel).

The opinion of the court was delivered by

LLOYD, J. While two questions are sought to be presented in this record, there is but one available to the appellant and that is whether the insurance company's policy was canceled in the manner specified in the policy itself.

The action was by the Werners to recover from the Casualty company the amount of a judgment which they had recovered for injuries received at the hands of the assured Joseph Bongiorno, and the company's answer was that at the time of the accident the insurance policy had been canceled. It is the sufficiency of the proofs to establish cancellation that was before the trial court and is presented here.

The policy contained this provision respecting cancellation:

"This policy may be canceled at any time by either of the parties upon written notice to the other party, stating when thereafter cancellation shall be effective and the date of cancellation shall then be the end of the policy period. If canceled by the assured, the company shall receive or retain the short rate premium calculated according to the table of short rates printed hereon. If canceled by the company, the company shall be entitled to the earned premium *pro rata.* Notice of cancellation in writing, mailed to or delivered at the address of the assured as given herein, shall be a sufficient notice, and the check of the company, or of its duly authorized agents, similarly mailed or delivered, shall be a sufficient tender of any unearned premium."

The company sent a notice of cancellation by registered letter requiring the personal receipt of the assured to 102 Sherman avenue, Clifton, the address specified in the policy. The letter was never delivered, but was returned unopened to the insurance company by the postal authorities with the post office endorsement, "returned to the writer unclaimed from Clifton, New Jersey."

Judge Caffrey, hearing the case without a jury, determined that this was not sufficient to effect a cancellation of the policy as required by its terms. The insurance company appeals and contends that this was an eroneous construction of the cancellation provision of the policy, and cites the opinion of the Supreme Court in the case of *Raiken* v. *Commercial Casualty Co.* (1927), 5 *N. J. Adv. R.* 16; 135 *Atl. Rep.* 480.

It seems to us that the notice of cancellation must be "mailed to" (using the words of the policy), if mailed at all, in such form of mailing as would be reasonably expected to effectively reach the place designated by the policy and thereby come to the notice of the assured. The purpose of the particular provision specifying how notice should be given is of course to protect the company against changes of residence of the assured which it could not be expected to follow, while at the same time affording reasonable protection to the assured through the mail forwarding custom of the postal authorities. If mailed in the ordinary unregistered letter the notice would be delivered at the address named or forwarded and thus reach the assured. If directed, however, to an individual living at such address in a manner requiring a personal receipt it is obvious it could not be delivered unless that person were available and the receipt personally given. It seems to us that mailing a letter to an address by a method that might (and assumably did in this case) prevent it reaching the person addressed, is not a fair compliance with the requirement of the policy. The company's own action in placing the limitation might well preclude actual receipt of the notice which normally would follow an unconditional delivery at the place designated. In attempting to procure the

personal receipt of the assured for its own evidential purposes it overreached itself and defeated the very object of the provision of the policy—reasonably certain notice to the assured and relief of the company from following his changes of residence.

The case cited is not authority on the point here involved for the substantial reason that the question was not raised in that case; the form of notice or the manner of sending were not involved, the decision resting on entirely different grounds.

We are not impressed with the contention of the respondent that upon return of the letter undelivered and unopened the company was for that reason obliged to give a further notice. If the method of mailing complied with the requirements of the policy the company had done all that it was required to do, but as we have held that the notice was not in compliance with the terms of the policy, the question does not arise.

The point urged by the respondent to support the judgment that the premium was not returned is not available on this review. It was not raised in the court below and was expressly waived as appears from the statement of counsel for the appellant in the following colloquy:

"The court—It is admitted the premium was paid. Mr. Lloyd—But, if the court please, if they are going to raise the question of the return of the premium—— Mr. Breslin—We are not raising that. We say that there was a policy of insurance issued, and the sole issue in this case is whether or not it was effectively canceled."

We think the trial judge rightly construed the policy and that what was done by the insurance company did not effect its cancellation.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.