FLORENCE McBRIDE, PLAINTIFF, v. NEW AMSTERDAM
CASUALTY COMPANY, A CORPORATION OF THE STATE
OF MARYLAND, DEFENDANT.

Decided July 6, 1934.

For the plaintiff, *Eichenbaum, Kantrowitz & Eichenbaum.*

For the defendant, *Joseph C. Paul.*

ACKERSON, S. C. C.  The plaintiff having recovered a
judgment for damages against John F. Zemkoski, arising
out of an automobile accident, and having had execution
returned unsatisfied, has brought this action against Zem-
koski's insurance carrier, the present defendant.

The defendant's answer is made to rest upon the assertion
that the liability policy in question had been canceled prior
to January 15th, 1933, the date upon which the plaintiff
sustained the injuries for which she obtained judgment
against Zemkoski.

Plaintiff now moves to strike out this answer upon the
ground that it is either sham or frivolous, and our labors
are very materially lightened by the concession contained in
the defendant's brief to the effect that the only question
raised by the answer is whether or not the policy was in
effect at the date of the accident above mentioned.

It is conceded that the policy in question could only be
canceled pursuant to conditions contained in "Condition J"
thereof which reads as follows:

"This policy may be canceled at any time by either party by written notice to the other, mailed under registered cover, stating when thereafter cancellation shall be effective. Such notice by the company, to the assured's address given herein, not less than ten (10) days prior to the effective date of cancellation shall be a sufficient notice. * * * The check of the company, delivered or mailed under registered cover to the assured's address given herein, shall be a sufficient tender of any unearned premium."

It is further conceded that on January 3d, 1933, the defendant addressed a letter to John F. Zemkoski, the assured, at 32-34 Orient avenue, Jersey City, New Jersey, the address set forth in the policy, which letter contained a notice of cancellation which reads as follows:

"Newark, N. J. January 3, 1933.

John F. Zemkoski
32-34 Orient Avenue
Jersey City, N. J.
Dear Sir:

On account of your failure to comply with recommendations on your Policy described below you are hereby notified that the New Amsterdam Casualty Company does hereby Cancel the Liability Policy No. 305558 heretofore issued to you.

This cancellation takes effect on the 13th day of January, 1933 at midnight, standard time, at the place of your address written above.

We enclose herewith check for $16.75 the amount of unearned premium due you by reason of this cancellation.

NEW AMSTERDAM CASUALTY Co.
Cancellation Department."

It is further conceded that the above letter was received at the post office in Newark, New Jersey, on January 3d, 1933, as appears by the post mark thereon, and was received at the post office in Jersey City, on January 4th, 1933, and that an attempt to present the same was made on January 5th, 1933, by the letter-carrier, who failed because the as-

sured had moved from the given address without notice to the company, and the letter was marked "not found, return to writer," January 5th, 1933, and that the letter was returned undelivered. The accident occurred on January 15th, 1933.

In the case of *Lattan* v. *Royal Insurance Co.*, 45 *N. J. L.* 453, it was held that:

"A party who seeks the advantage of the termination of a continuing contract before the period limited for its duration, in compliance with a power to terminate contained in the contract, must show by proof that he complied with the conditions on which the power was exerciseable and that he did so at a period before his liability under the contract was incurred."

The plaintiff concedes, however, that it is not necessary for the defendant to show that the assured actually received the notice of cancellation, and that the cancellation clause in question provides for a method of cancellation by constructive notice, which if fully complied with terminated the contract of insurance. This concession was no doubt prompted by the case of *Raiken* v. *Commercial Casualty Insurance Co.*, 135 *Atl. Rep.* 479, which held to that effect.

Referring to the above-quoted provision regarding cancellation, it will be found that the procedure is set forth in two sentences. The first deals with a method of cancellation by either party, viz.: "by written notice, mailed under registered cover, stating when thereafter cancellation shall be effective."

The second sentence describes the procedure to be adopted only by the insurance company and is in the following language:

"Such notice by the company, to the assured's address given herein, not less than ten (10) days prior to the effective date of cancellation, shall be a sufficient notice."

This is the method of constructive notice mentioned in *Raiken* v. *Commercial Casualty Insurance Co., supra,* and its purpose and intent are explained in *Werner* v. *Common-*

*wealth Casualty Co.,* 109 *N. J. L.* 119; 160 *Atl. Rep.* 547, as follows:

"The purpose of the particular provision specifying how notice should be given is of course to protect the company against changes of residence of the assured which it could not be expected to follow, while at the same time affording reasonable protection to the assured through the mail forwarding custom of the postal authorities."

Whether the notice of cancellation in the instant case was effective to terminate the policy on January 13th, 1933, the effective date of cancellation specified in the notice, depends upon the event from which the ten days period of grace is to be computed. Does the sentence concerning constructive notice mean that the notice of cancellation must be deposited in the mail ten days prior to the effective date of cancellation, or does it mean that the notice must be actually delivered at the stated address of the assured ten days prior to the effective date of cancellation? I am inclined to conclude that the former was intended and for the following reasons: The purpose of the provision for constructive notice of cancellation, as explained in the case of *Werner* v. *Commonwealth Casualty Insurance Co., supra,* is to protect the insurance company against changes of residence of the assured. How could this purpose be reasonably effectuated unless the company knew in advance of giving the notice, a definite date from which to figure the effective date of cancellation which is required to be stated in the notice itself, and how could the company otherwise know the exact amount of unearned premium to be returned to the assured?

If the construction to be put upon this method of cancellation is that the notice thereof must be actually delivered at the stated address of the assured ten days prior to the effective date of cancellation expressed therein, the company could not be sure of effective cancellation unless a return receipt was demanded, and this would be improper under the provision for cancellation now being considered, for the reason that it is not provided for therein, and would defeat the

purpose of the notice by lessening the chances of it eventually reaching the insured, as was very definitely held in the case of *Werner* v. *Commonwealth Casually Insurance Co., supra.*

Furthermore, ten days' notice of cancellation is an unusually long time if figured from the date of actual delivery at the stated address, while in cases where cancellation is made to depend upon actual receipt of notice by the insured, five days seems to be the time usually specified, indicating that the longer period was intended to take care of the time necessary for transmission to a distance, and still leave ample time for the assured to procure other insurance. To hold that the actual mailing of the notice is the event or occurrence from which the ten days period commences to run is logical, practical and reasonable, because a notice mailed anywhere in the United States to any other address therein, would in the normal course of events be delivered within four or five days, which would still give ample time for the assured to procure other insurance, and at the same time give the insurance company a definite date from which to figure the effective date of cancellation required to be stated in the notice, and the exact amount of earned or unearned premium as the case may be.

Furthermore the very structure of this sentence covering constructive notice of cancellation, naturally lends itself to the above construction, for it starts out as follows:

"Such notice by the company to the assured's address given herein * * *."

Notice is not naturally given "to" an address but rather "to" a person. The two sentences covering the methods of cancellation must be read together. The first sentence deals only with a written notice, "mailed" under registered cover. Then comes the second sentence which deals with constructive notice, and that starts out, as already noticed, by stating: "Such notice by the company, to the assured's address given herein." The words *"such notice"* undoubtedly refer to the notice described in the preceding sentence, viz.: "Written notice, mailed under registered cover." The first sentence,

therefore, supplies the event or occurrence from which the effective date of cancellation mentioned in the second sentence is to be computed. So if we insert the word "mailed" in the sentence covering constructive notice following the word, "company," we give to the sentence a logical, reasonable and fair construction, for it would then read as follows: "Such notice by the company, *mailed* to the assured's address given herein, not less than ten (10) days prior to the effective date of cancellation shall be a sufficient notice * * *." (Italics mine).

Since, as we have seen, the company cannot safely ask for a return receipt for its registered letter, under the wording of the cancellation clause contained in the policy in question, *Werner* v. *Commonwealth Casualty Insurance Co., supra,* the above construction would enable the company to be sure when its policy had been canceled and at the same time afford ample opportunity for the postal authorities to forward the letter to any new address of the assured, if available to them, and thereby reach a fair and logical result. The assured would be protected by sending to the insurance company his new address, or by leaving it with the postal authorities for forwarding purposes.

Since the notice of cancellation in the present case was deposited in the mail at Newark, January 3d, 1933, the cancellation under the above construction would become effective on January 13th, 1933, which was the date specified therefor in the notice, and since the accident occurred on January 15th, 1933, the policy had at that time been regularly canceled.

It follows, therefore, that the defendant's answer cannot be considered as either sham or frivolous, and the plaintiff's motion will, therefore, be denied and an order may be presented in accordance with the conclusion thus reached.