175 N.J. Super. 8 (1980)
417 A.2d 551
FRANK CARDINALE, PETITIONER-RESPONDENT,
v.
MRS. ANDREW SANTA MECCA, RESPONDENT-RESPONDENT, AND EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 14, 1980.
Decided February 4, 1980.
*9 Before Judges BISCHOFF, BOTTER and FURMAN.
Robert Silver argued the cause for appellant Employers Mutual Liability Insurance Company of Wisconsin (Michals, Wahl & Silver, attorneys).
Robert J. Weinstein argued the cause for respondent Cardinale (Wald & Del Vento, attorneys).
Respondent Santa Mecca did not file brief.
The opinion of the court was delivered by. FURMAN, J.S.C. (temporarily assigned).
This appeal is from a preliminary ruling by the judge of workers' compensation that a workers' compensation insurance policy issued by Employers Mutual Liability Insurance Company *10 of Wisconsin to Mrs. Andrew Santa Mecca was in force and effect at the time of an employment connected injury to Frank Cardinale. Mrs. Santa Mecca was the owner of a single taxicab. The judgment awarding workers' compensation benefits is not otherwise challenged on this appeal.
Respondent insurer contends that it had effectively cancelled Mrs. Santa Mecca's policy. Its notice of cancellation as of November 21, 1969 for non-payment of premiums was mailed by certified mail, return receipt requested, on November 6, 1969 to Mrs. Santa Mecca's address in Newark, as stated on her policy application in March 1968. According to Mrs. Santa Mecca's testimony she had moved from that address to an address in Belleville prior to the mailing of the notice of cancellation but had left a forwarding address. The employment connected injury occurred on January 27, 1970.
N.J.S.A. 34:15-81 provides that notice of cancellation of a workers' compensation insurance policy must be given by registered mail. Pursuant to N.J.S.A. 1:1-2 any statutory reference to "registered mail" includes "certified mail." See Pacific Discount Co. v. Jackson, 37 N.J. 169 (1962), holding that mailing by certified mail rather than by registered mail was not repugnant to the statutory intent of the now repealed Uniform Conditional Sales Act.
The judge of workers' compensation ruled that, although notice of cancellation by certified mail would have complied with N.J.S.A. 34:15-81, respondent insurer nevertheless failed to comply with the statute because of the additional requirement of a return receipt, which, he concluded, lessened the possibility of receipt of the notice of cancellation.
We reject that conclusion. The factual reliance of the judge of workers' compensation was on testimony of a Newark postal administrative manager, who answered a question on direct examination that receipt of certified mail, return receipt requested, was less likely than receipt of certified mail "because you're asking for the signature of the addressee."
*11 That testimony is contrary to the facts in the record. Delivery of respondent insurer's notice of cancellation required only the signature of someone at the premises, not exclusively the signature of the addressee Mrs. Santa Mecca. Delivery restricted to the addressee only would have been available for an extra fee, but no extra fee was paid.
Certified mail not requiring a return receipt is left at the designated address. Certified mail, return receipt requested, is returned to the post office and marked unclaimed, if no one accepts delivery by signing the return receipt. After ten days a second attempt is made to deliver it and, if again unsuccessful, after another five days the letter is returned to the sender with a notice that it was unclaimed. The notice of cancellation to Mrs. Santa Mecca's address in Newark was marked unclaimed and returned to respondent insurer.
In addition, if no one accepts delivery of certified mail, return receipt requested, a call notice is left at the designated address advising the addressee that certified mail is being held for him at the post office. Presumptively that practice was followed after the futile attempt or attempts to deliver respondent insurer's notice of cancellation.
Contrary to the judge below we discern on the record no significant difference between the likelihood of delivery of certified mail and of certified mail, return receipt requested. Respondent insurer was entitled to rely upon reasonable attention to her mail by the insured Mrs. Santa Mecca, including her compliance with the notice to call for mail held at the post office. Assuming a correct address, the notice of cancellation would have reached Mrs. Santa Mecca with equal likelihood by certified mail left at her premises or by certified mail, return receipt requested, signed for by herself or by someone else at the premises or picked up by her at the post office in response to a call notice.
Under the factual circumstances Mrs. Santa Mecca had moved and left a forwarding address prior to the mailing of the notice of cancellation. The practice of the Newark post office is to *12 discard notices of change of address after one year. More than a year had elapsed since the date of Mrs. Santa Mecca's moving, and inferentially her change of address notice was no longer on file at the post office. Accordingly respondent insurer's notice of cancellation by certified mail, return receipt requested, was not forwarded, but neither would certified mail or any other mail have been forwarded.
If the post office had had a change of address on file both certified mail and certified mail, return receipt requested, would have been forwarded to Mrs. Santa Mecca's new address. Again no significant difference is evident between the likelihood of delivery of certified mail and of certified mail, return receipt requested.
The judge of workers' compensation relied on Werner v. Commonwealth Casualty Co., 109 N.J.L. 119 (E. & A. 1932), as defining the law. That case held that an insurance company's notice of cancellation by registered mail requiring the signature of the addressee failed to comply with the policy provision for cancellation in writing, either mailed or delivered. The Court considered that receipt of the notice of cancellation was less certain because of the requirement of the addressee's signature.
Because of the restriction in Werner that delivery required the addressee's signature only, unlike certified mail, return receipt requested, and in the absence in Werner of any reference to the practice of leaving at the premises a notice to call for unclaimed mail at the post office, we do not consider that Werner is controlling.
We do follow a principle stated as dictum in Werner at 122 and uniformly followed in this State in cases dealing with parallel statutory or insurance policy provisions for notice of cancellation: that notice of cancellation is effective upon compliance with the requirements for mailing and actual receipt need not be proven. The insurer may rely upon the address in the policy or policy application and need not inquire into or investigate the whereabouts of the insured upon return of the notice for non-delivery. Weathers v. Hartford Insurance Group, 77 *13 N.J. 228, 234 (1978); Pacific Discount Co. v. Jackson, supra, 37 N.J. at 171; McBride v. New Amsterdam Casualty Co., 12 N.J. Misc. 617, 173 A. 346 (Sup.Ct. 1934); Raiken v. Commercial Casualty Ins. Co., 135 A. 479 (N.J.Sup.Ct. 1926) (not officially reported).
We reverse as to respondent Employers Mutual Liability Insurance Company of Wisconsin only.