**AETNA FINANCE COMPANY, Plaintiff–Appellant,**

v.

**Dorothy SUMMERS, Defendant–Appellee.**

No. 79CA1020.

Colorado Court of Appeals, Div. I.

July 17, 1980.

Rehearing Denied Aug. 14, 1980.

Certiorari Granted Oct. 27, 1980.

Carvell & Mullens, Robert A. Carvell, Colorado Springs, for plaintiff–appellant.

Nicholas J. Bourg, Colorado Springs, for defendant–appellee.

COYTE, Judge.

Plaintiff appeals from a judgment of the trial court dismissing its complaint on a promissory note and security agreement. We affirm.

The facts as stated herein are undisputed. Defendant executed a note, with an acceleration clause, repayable to plaintiff in monthly installments. The note also contained a provision that plaintiff would acquire a security interest in certain household goods and furnishings described therein.

Defendant failed to make two consecutive payments on the note, whereupon plaintiff sent to defendant, by certified mail, return receipt requested, a notice of default and consumer's right to cure. The notice was addressed to defendant at her current residence as correctly reflected in plaintiff's records and in the promissory note. The notice was returned to the plain-

tiff with the return receipt unsigned. Defendant testified that she did not receive any notice from the post office of attempt to deliver certified mail. No reason is given as to why the notice was not delivered to defendant or why a notice of attempt to deliver the certified mail was not received by defendant. Although plaintiffs' records correctly reflected defendant's place of employment, plaintiff did not attempt to notify defendant a second time.

Section 5–5–111(1), C.R.S. 1973 (1979 Cum.Supp.) provides:

"A creditor gives notice to the debtor pursuant to this section when he delivers the notice to the debtor or mails the notice to him at his residence ...."

The issue on appeal is whether sending notice by certified mail, return receipt requested, constitutes "mailing" under the statute. When construing similar language found in insurance policy cancellation clauses, the authorities have split regarding the resolution of this issue. *See* Annot. 64 A.L. R.2d 982.

In *Werner v. Commonwealth Casualty Co.*, 109 N.J. 119, 160 A. 547 (1932), the court construed the term "mails to" under an analogous situation. There, the court stated:

"If mailed in the ordinarily unregistered letter, the notice would be delivered at the address named or forwarded and thus reach the party. If directed, however, to an individual living at such address in a manner requiring a personal receipt, it is obvious it could not be delivered unless that person were available and the receipt personally given. It seems to us that mailing a letter to an address by a method that might ... prevent its reaching the person addressed is not a fair compliance with the requirement .... The company's own action in placing the limitation might well preclude actual receipt of the notice which normally would follow an unconditional delivery at the place designated ...."

Although *Werner* involved a registered letter which was to be delivered to the addressee only, a similar result was reached in *Fidelity & Casualty Co. v. Riley*, 168 Md. 430, 178 A. 250 (1935), wherein the return receipt requested was not so limited.

We find the above reasoning persuasive.

Section 5–5–111(1), C.R.S. 1973 (1979 Cum.Supp.) permits mailing as an alternative to actual delivery, thus evidencing a legislative intent that debtors are entitled to some certainty of receiving notice of defaults. It follows that the creditor choosing not to effect actual delivery must use a method of mail likely to insure that the notice is actually delivered to the debtors' residence. Had plaintiff mailed the notice by unrestricted first class mail, the notice presumably would have been delivered to defendant's home and would have reached defendant. Instead, plaintiff placed restrictions upon the delivery of the notice and, consequently, the letter was never delivered. Plaintiff's action thwarted the purpose behind § 5–5–111(1), C.R.S. 1973 (1979 Cum.Supp.) of providing debtors with notice of the opportunity to cure defaults prior to foreclosure. Therefore, we hold that mailing by certified mail return receipt requested does not per se constitute notice to the debtor under § 5–5–111(1), C.R.S. 1973.

In addition, plaintiff had actual knowledge that defendant did not receive the notice and plaintiff had the means to notify defendant properly. The record contains no showing that plaintiff would have been unduly burdened or that plaintiff's interests would have been jeopardized by requiring a second attempt to notify defendant. On the other hand, defendant was denied her statutorily created right to cure the default prior to the filing of a legal action. Thus, the conclusion reached above comports with traditional notions of fairness and justice.

Since plaintiff failed to comply with the notice provision of § 5–5–111(1), C.R.S. 1973 (1979 Cum.Supp.) plaintiff had no right to accelerate the balance of the note or to repossess the collateral. Accordingly, the trial court properly dismissed the complaint.

Judgment affirmed.

KIRSHBAUM, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

After a default consisting of the debtor's failure to make a required payment or payments, a creditor may not accelerate maturity of the unpaid balance of the note nor take possession of or enforce a security interest in the collateral unit twenty days after a notice of the debtor's right to cure is given. Section 5–5–112(1), C.R.S. 1973 (1979 Cum.Supp.). "A creditor gives notice to the debtor ... when he delivers the notice to the debtor or mails the notice to him at his residence ...." Section 5–5–111(1), C.R.S. 1973 (1979 Cum.Supp.).

In the instant case, it is undisputed that a notice in proper form was mailed by the creditor to the debtor at her correct address, *see* § 5–1–201(7), C.R.S. 1973, although the envelope was returned by the postal authorities marked "unclaimed." Had it been sent by ordinary mail, the majority would have held that, under the statute, notice was given on mailing regardless of whether it was received by the debtor; but, since it was sent by certified mail, the majority holds that the statute was not complied with. I disagree.

*Werner v. Commonwealth Casualty Co.,* 109 N.J. 119, 160 A. 547 (1932), relied on by the majority, is distinguishable on its facts from the present case. There a notice of cancellation of an insurance policy was sent registered mail, return receipt requested, *addressee only.* The court held that by directing the letter "in a manner requiring a personal receipt, it is obvious it could not be delivered unless that person were available and the receipt *personally given.*" In the instant case, however, although the notice was sent certified mail, return receipt requested, there was no request for "addressee only."

Even if the creditor here had required a receipt signed by addressee only, in my view the statutory requirement of mailing was met. "When the provision ... is that notice by mail is sufficient, that provision is broad enough to cover all the kinds of mail which are commonly used to convey messages. Registered mail is just as much mail as ordinary mail." *Westmoreland v. Gener-*

*al Accident Fire and Life Assurance Corp.,* 144 Conn. 265, 129 A.2d 623 (1957) (in which the court considered and did not agree with the reasoning in *Werner, supra* ). In *Gerard v. Massachusetts Bonding & Insurance Co.,* 106 N.H. 1, 203 A.2d 279 (1964), the court refers to *Werner* as being the "minority authority," states that the view in *Werner* does not "rest on a sound and logical basis," and concludes that "[t]he fact that it was sent by registered mail, which is ordinarily considered a safer method than ordinary mail, should not militate against it." *Cf. Ledbetter v. School District Number 8,* 163 Colo. 127, 428 P.2d 912 (1967).

To hold, as does the majority, that, since the creditor chose not to effect actual delivery, it "must use a method of mail likely to insure that the notice is actually delivered to the debtor's residence," is rewriting the statute. This we cannot do.

Although the defaulting debtor did not receive notice of her right to cure, the creditor used an accepted form of mailing and thereby complied with the statute. *See Westmoreland, supra; Gerard, supra.* Under the statute, the notice was given to the debtor when the letter was properly addressed, registered, and mailed.

Accordingly, I would reverse and reinstate the complaint.