**AETNA FINANCE COMPANY,**
**Petitioner,**

v.

**Dorothy SUMMERS, Respondent.**

**No. 80SC248.**

Supreme Court of Colorado,
En Banc.

March 29, 1982.

Carvell & Mullens, Robert A. Carvell, Colorado Springs, for petitioner.

Nicholas J. Bourg, Colorado Springs, for respondent.

ERICKSON, Justice.

We granted certiorari to review *Aetna Finance Co. v. Summers*, Colo.App., 618 P.2d 726 (1980), which held that mailing a notice of default and consumer's right to cure by certified mail, return receipt requested, is not proper notice to the debtor under the Colorado Consumer Credit Code when notice is returned to the creditor marked "unclaimed." We affirm.

The facts in this case are undisputed. On July 7, 1978, the respondent, Dorothy Summers, executed and delivered a promissory note in the amount of $1,434.60, payable in thirty monthly installments to the petitioner, Aetna Finance Company (Aetna). To secure the note, which included an acceleration clause, Aetna acquired a security interest in certain household goods and furnishings belonging to Summers. Thereafter, Summers failed to make the payments on the note which were due in January and February 1979. On February 8, 1979, Aetna mailed a "Notice of Default and Consumer's Right to Cure" to Summers by certified mail, return receipt requested.[1] The notice was mailed to Summers at her residence address which was correctly reflected in Aetna's records and which was set forth in the promissory note. The envelope containing the notice was subsequently returned to Aetna by the postal service marked "unclaimed," and the return receipt was returned unsigned. Summers testified at trial that she had never received a notice from the post office of an attempt to deliver a certified letter to her residence.

Upon receipt of the unclaimed notice, Aetna took no further action to provide notice of default and right to cure to Summers. Even though Summers maintained her residence at the same address and Aetna was aware of her place of employment, Aetna did not send her another copy of the notice by regular mail and did not attempt to personally serve her with a copy at her home or place of employment. Consequently, Summers did not receive notice of default and did not have an opportunity to exercise her right to cure.

On March 20, 1979, Aetna commenced an action against Summers in the District Court of El Paso County alleging that Summers defaulted on the note, and requesting a money judgment for the unpaid balance as well as possession of the personal property which was given as security for payment of the note. Service of process was made on Summers at the address where the "Notice of Default and Consumer's Right to Cure" was mailed. In dismissing the case, the trial court concluded that Aetna did not take any additional steps after the notice was returned unclaimed, and thereby failed to comply with the notice requirement of section 5–5–111(1), C.R.S.1973. The trial court held that Aetna could therefore neither accelerate the maturity of the unpaid balance of the obligation nor take possession of the collateral securing the indebtedness.

The court of appeals affirmed the decision of the district court, and concluded that Summers was denied her statutory right to cure under section 5–5–111(1), C.R.S.1973, since Aetna had actual knowledge that Summers did not receive the notice and could have notified her. We granted certiorari and, for the reasons expressed herein, we affirm the court of appeals.

Under the Colorado Consumer Credit Code, a creditor may neither accelerate maturity of the unpaid balance of an obligation nor take possession of or otherwise

---

1. No issues are raised by this appeal regarding: (1) the statutory sufficiency of the notice's warning, *see* section 5–5–111(2), C.R.S.1973 (1981 Supp.); (2) the date on which the notice was mailed, *see* section 5–5–111(1), C.R.S.1973 (1981 Supp.); and (3) the address to which the notice was sent, *see* section 5–1–201(7), C.R.S. 1973.

enforce a security interest in the goods that are collateral until twenty days after a notice of the debtor's right to cure is given. Section 5-5-112(1), C.R.S.1973 (1981 Supp.). Aetna's remedies in this case are therefore limited unless and until the required notice is given pursuant to section 5-5-111(1), C.R.S.1973 (1981 Supp.) (section 111(1)), which provides:

> "With respect to a consumer credit transaction, after a debtor has been in default for ten days for failure to make a required payment and has not voluntarily surrendered possession of goods ... that are collateral, a creditor may give the debtor the notice described in this section. A creditor gives notice to the debtor pursuant to this section when he delivers the notice to the debtor or mails the notice to him at his residence...."

The purpose of giving notice of the debtor's right to cure is to permit the debtor-creditor relationship to continue if the default is cured. By requiring notice of the default, the statutory preference is to cure rather than to disrupt the debtor-creditor relationship by judicial or extra-judicial action against the debtor and the collateral. Even though section 111(1) does not require the creditor to prove that the notice was received by the debtor, and permits mailing of the notice as an alternative to actual delivery, the Colorado Consumer Credit Code evidences a legislative intent to provide debtors with notice of default and of their right to cure the default. When the notice, which Aetna sent by certified mail was returned "unclaimed," Aetna was aware that Summers had not received the notice of default and of her right to cure. To hold that Aetna satisfied the statutory notice requirement when it had actual knowledge that the notice was not received would defeat the purpose and intent of section 111(1). *Cf. Ledbetter v. School District No. 8*, 163 Colo. 127, 428 P.2d 912 (1967) (notice was held sufficient to satisfy the statutory requirement where, without the knowledge of the sender, actual receipt of notice terminating a teacher's contract was delayed past the deadline for giving such notice because of the teacher's own absence from his residence).

We agree with the finding of the trial court that once Aetna had actual knowledge that Summers had not received the notice, it was incumbent upon Aetna to satisfy the statutory notice requirement by personal service or by sending the notice by regular mail to Summers' home. Sending the notice by regular mail would have satisfied section 111(1) and raised the presumption that the notice was left at Summers' address in accordance with regular mail delivery procedures and was therefore received. *See Breed v. First National Bank*, 6 Colo. 235 (1882).

In this case, Aetna took the precaution of sending the notice to Summers by certified mail, return receipt requested, in an attempt to conclusively establish receipt of the notice by a signed return receipt. However, the limitations of such method of delivery actually create a greater potential of nondelivery and do not necessarily provide the same opportunity for receipt of notice that would be available if regular mail service was used:

> "If mailed in the ordinarily unregistered letter, the notice would be delivered at the address named or forwarded and thus reach the party. If directed, however, to an individual living at such address in a manner requiring a personal receipt, it is obvious it could not be delivered unless that person were available and the receipt personally given." *Werner v. Commonwealth Casualty Co.*, 109 N.J.L. 119, 160 A. 547 (1932).

In the event that no one is at the debtor's residence when the certified mail arrives, it is returned to the post office and, unless the debtor receives notice of the attempted delivery and subsequently obtains the letter from the post office, notice is not provided as contemplated by section 111(1).

The goal of preserving the debtor-creditor relationship is not furthered by construing section 111(1) to permit a creditor to avoid giving notice by using certified mail

and then ignoring irrefutable evidence that the debtor has not received notice. Since Aetna did not comply with section 111(1) by providing notice after the certified letter was returned "unclaimed," Summers was denied her statutory right to cure the default prior to the filing of a legal action against her. Under the circumstances, Aetna was required to deliver the notice to Summers or to effect service by the use of regular mail before declaring a default on the consumer loan.

Accordingly, the judgment of the court of appeals is affirmed.