WILLIAM H. WHITE COMPANY, INC., Plaintiff–Appellant,

v.

B&A MANUFACTURING COMPANY, Defendant–Appellee.

No. 88CA1274.

Colorado Court of Appeals, Div. V.

June 14, 1990.

Walters & Theis, Craig D. Joyce, Anne Baudino Holton, Denver, for plaintiff-appellant.

Girsh and Rottman, P.C., Jacques S. Ruda, Denver, for defendant-appellee.

Opinion by Judge RULAND.

Plaintiff, William H. White Co., Inc., appeals from a summary judgment entered in favor of defendant, B & A Manufacturing Co., dismissing White's claims for breach of contract, bad faith breach of contract, and exemplary damages. White also appeals the award of attorney fees to B & A. We affirm in part, reverse in part, and remand the case for further proceedings.

B & A manufactures industrial drill bits at a facility in Florida. In October 1979, White entered into a letter agreement with B & A to act as a marketing representative on behalf of B & A to sell its products. The agreement designated White as the representative for five states including Colorado. Pursuant to the agreement, White solicited sales from customers and the product was delivered by B & A. In addition, White purchased products from B & A in order to maintain an inventory for direct sales to other customers.

The agreement did not specify any termination date. As of 1982, all but two of White's customers were located in Colorado. The two non-Colorado customers were located in Utah. Without objection by White, the Utah territory was divided in order to include a new marketing representative for part of that state.

In a letter dated October 25, 1985, the vice-president of B & A requested that White sign a marketing agency agreement for the state of Colorado only. The letter expressed concern as to whether White had the personnel to cover the other states, and the vice-president indicated that further discussion was necessary on this subject. White considered this letter a unilateral

attempt to modify the prior agreement and did not reply.

Later, on November 21, 1985, the president of B & A spoke with the president of White, and although it is disputed as to which party terminated the agreement during the course of that conversation, the parties agree that any further business relationship was terminated on that date. The termination was confirmed in a letter dated November 27, 1985, from B & A to White.

## I.

■ White contends that the trial court erred in dismissing its claim for breach of contract. White argues that genuine issues of material fact exist relative to whether the October 25, 1985, letter constituted a termination, and even if it did not, whether the agreement was terminated by B & A in the November 21 conference. White further contends that in either event, B & A was required to give reasonable notice of termination and that a genuine issue of fact exists as to whether it did so. We agree that entry of summary judgment was error.

■ Marketing agreements for manufactured products of the type involved in this case are governed by the Uniform Commercial Code, if, as here, one party purchases and maintains an inventory of the manufacturer's products for direct sales to customers. *See* § 4–2–102, C.R.S. (1989 Cum. Supp.); § 4–2–105, C.R.S. As pertinent here, § 4–2–309(3), C.R.S., provides that:

"Termination of a contract by one party except on the happening of an agreed event requires that reasonable notification be received by the other party...."

As noted in § 4–2–309, C.R.S. (Official Comment 8), this subsection:

"recognizes that the application of principles of good faith and sound commercial practice normally call for such notification of the termination of a going contract relationship as will give the other party reasonable time to seek a substitute arrangement."

*See Zidell Explorations, Inc. v. Conval International, Ltd.*, 719 F.2d 1465 (9th Cir. 1983).

B & A relies upon *Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc.*, 690 P.2d 207 (Colo.1984) for the proposition that reasonable notice is not required in a contract terminable at-will. However, the pre-need funeral plans at issue in that case did not involve a marketing agreement governed by § 4–2–309(3), C.R.S., and thus, we do not view the discussion of general contract law in that case as applicable here.

## II.

■ White contends that the trial court erred in dismissing its claim for bad faith breach of contract alleged in support of its claim for punitive damages. White argues that there are genuine issues of disputed fact pertaining to whether B & A terminated the marketing agreement under circumstances which would warrant relief under these theories. We disagree.

■ We recognize that the obligation to furnish reasonable notice is founded in part upon considerations of good faith dealing. *See* § 4–2–309, C.R.S. (Official Comment 8); *Zidell Explorations, Inc. v. Conval International, Ltd., supra.* However, present case law in Colorado does not recognize a claim for punitive damages predicated upon breach of contract. *Mortgage Finance, Inc. v. Podleski,* 742 P.2d 900 (Colo.1987). Instead, a plaintiff must commit some form of intentionally tortious conduct such as fraud, bad faith, or breach of fiduciary duty, which is indicative of a willful and wanton disregard of the plaintiff's rights. *See Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo.1984); *McCrea & Co. Auctioneers, Inc. v. Dwyer Auto Body,* — P.2d — (Colo.App. No. 87CA1805, December 21, 1989). Presenting genuine issues of fact relative to whether a party dealt unfairly in terminating a contract terminable at-will is not sufficient to avoid summary judgment. *See Friedman & Son, Inc. v. Safeway Stores, Inc.,* 712 P.2d 1128 (Colo.App.1985).

**1102**

Here, a commercial transaction is involved. *See Mortgage Finance, Inc. v. Podleski, supra.* There exist issues of material fact as to whether B & A immediately attempted to solicit orders from White's customers after termination of the agreement thereby impairing White's ability to dispose of its inventory of B & A products, and whether B & A offered terms for sales to distributors more favorable than the terms offered to White. However, resolution of these issues in favor of White is not sufficient to establish the requisite tortious conduct. Rather, given the fact that the contract was terminable with reasonable notice, the allegedly offensive conduct of B & A may be properly compensated by an actual damage award.

### III.

White contends that the trial court erred in awarding attorney fees to B & A based upon its assertion that the claims asserted by White were frivolous. We agree.

For the reasons stated in Part I of this opinion, entry of summary judgment on the breach of contract claim was error. With reference to the other two claims, we conclude that White, in effect, asserted a rational argument in support of its contention that exemplary damages may be awarded for bad faith breach of contract. *See Zidell Explorations, Inc. v. Conval International, Ltd., supra.* On this basis, an award of attorney fees was improper. *See Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

The judgment affirming dismissal of White's claims for bad faith breach of contract and exemplary damages is affirmed. The judgment dismissing White's breach of contract claim and awarding attorney fees to B & A is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

CRISWELL and REED, JJ., concur.