**M LIFE INSURANCE COMPANY, a Colorado corporation, doing business in Colorado, Plaintiff–Appellant,**

v.

**SAPERS & WALLACK INSURANCE AGENCY, INC., Defendant– Appellee,**

**and concerning Rebecca G. GANNON and Frederick Y. Yu, Appellants.**

No. 97CA0512

Colorado Court of Appeals, Division V.

Aug. 6, 1998.

Yu Stromberg Cleveland, P.C., Frederick Y. Yu, Rebecca G. Gannon, Michael M. Schmidt, Denver, for Plaintiff–Appellant and Appellants.

Faegre & Benson, LLP, Michael S. McCarthy, Catherine A. Lemon, Jeanne M. Coleman, Denver, for Defendant–Appellee.

Opinion by Judge VOGT.

Plaintiff, M Life Insurance Company, appeals the summary judgment entered in favor of defendant, Sapers & Wallack Insurance Agency, Inc. (S & W). Plaintiff and its attorneys, Frederick Y. Yu and Rebecca G. Gannon, separately appeal the trial court's subsequent order entering judgment for attorney fees in favor of S & W and against them jointly and severally. We affirm the summary judgment and reverse the award of attorney fees.

In February 1996, plaintiff notified its shareholders of a proposed merger. S & W, a shareholder of plaintiff, opposed the merger and demanded payment for its shares.

On July 31, 1996, S & W received from plaintiff a check for $456,596, representing plaintiff's calculation of the fair value of S & W's shares plus interest, and a letter informing S & W of its right under §7–113–209, C.R.S.1997, to challenge the valuation and demand payment based on its own estimate. The letter stated that this right would be waived unless plaintiff received the demand within thirty days, and directed that the demand be sent to a post office box in Portland, Oregon, which plaintiff had previously designated as the address at which it would receive payment demands.

Pursuant to plaintiff's letter and §7–113–209, the deadline for receipt of S & W's demand was Friday, August 30. S & W's letter demanding payment of $2,172,799, which S & W estimated to be the fair value of its shares, was delivered via express mail to plaintiff's designated post office box at 1:52 p.m. on August 30. However, in accordance with its standard procedure, plaintiff's courier service had made its only mail pickup of the day from that post office box at 5:00 a.m. It did not retrieve S & W's demand and deliver it to plaintiff's office until September 3, after the intervening Labor Day weekend.

Thereafter, plaintiff filed a complaint alleging that S & W had waived its right to contest plaintiff's valuation of the shares by failing to provide timely notice of its demand. S & W moved for dismissal or summary judgment and for sanctions. Plaintiff filed a cross-motion for summary judgment.

The trial court granted S & W's motion for summary judgment, denied plaintiff's cross-motion for summary judgment, and awarded attorney fees to S & W. In a subsequent order, the court entered judgment in the amount of $14,000 for attorney fees in favor of S & W and against plaintiff and its attorneys, jointly and severally.

I.

Plaintiff contends that the trial court erred in entering summary judgment based on its conclusion that S & W's notice was received within the statutory time period. We do not agree.

We review a summary judgment order under the same standards that govern the trial court's determination. Summary judgment is warranted only when there is a clear showing that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. All doubts as to the existence of a triable factual issue must be resolved against the moving party, and the non-moving party is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

A shareholder who dissents from a corporate merger is entitled to demand and receive payment for the fair value of its shares in accordance with the procedures set forth in the dissenters' rights provisions of the Colorado Business Corporations Act, §§7–113–201 to 7–113–209, C.R.S.1997.

If the shareholder is not satisfied with the corporation's payment, the shareholder may demand payment based on its own estimate of the fair value of the shares. Section 7–113–209 outlines the procedure for contesting payment, and then states:

> (2) A dissenter waives the right to demand payment under this section unless the dissenter causes the corporation to receive the notice required by subsection (1) of this section within thirty days after the corporation made or offered payment for the dissenter's shares.

Because §7–113–209(2) by its terms requires that the dissenter "cause the corporation to receive" notice within thirty days, we agree that plaintiff had to receive S & W's demand by August 30. The issue presented here is whether plaintiff in fact "received" the demand when the demand arrived at its post office box on that date. No reported Colorado appellate decisions directly address this issue.

Plaintiff relies on the definition of "receive" in §7–101–401(27), C.R.S.1997, which states in pertinent part:

> "Receive," when used in reference to receipt of a writing or other document by a domestic or foreign corporation, means that the writing or other document is actually received:
>
> (a) By the corporation at its registered office or at its principal office . . . .

This definition applies to the dissenters' rights statutes, including §7–113–209, "unless the context otherwise requires." Section 7–101–401, C.R.S.1997. Plaintiff contends that, under this definition, S & W's demand was untimely because the demand undisputedly did not reach the corporate office until September 3. We reject this contention.

The dissenters' rights statutes require corporations to designate "an address at which the corporation will receive payment demands." Section 7–113–203(2)(b), C.R.S. 1997. On three occasions, plaintiff designated the post office box in Portland as the place where it would receive payment demands and other communications. Because it designated a location other than its corporate office as the address at which it would receive payment demands, plaintiff may not rely on the definition of "receive" in §7–101–401(27) as a basis for requiring actual receipt at its corporate office.

Moreover, courts have recognized in other contexts that when a party designates a particular address as the address to which correspondence or other items are to be sent, it cannot subsequently claim untimely receipt when the items were timely received at the designated address. See *Gervais ex rel. Bremner v. United States,* 865 F.2d 196 (9th Cir.1988)(request for reconsideration was timely filed, even though not stamped "received" by agency until after deadline had passed, where letter arrived before deadline at post office box designated by agency for receipt of such requests); *Central Paper Co. v. Commissioner of Internal Revenue,* 199 F.2d 902 (6th Cir.1952)(taxpayer's petition was timely even though not received by tax court by deadline, where petition was timely delivered to the lock box designated by the Commissioner as the address); *McCord v. Commissioner of Internal Revenue,* 123 F.2d 164 (D.C.Cir.1941)(where Board of Tax Appeals instructed Western Union to deliver all messages over government telegraph wire, Board could not deny timely receipt of taxpayer's telegraphic petition that did not arrive until after Board's closing hours because government wire was busy); *cf. In re Village Craftsman, Inc.,* 160 B.R. 740 (Bankr.D.N.J.1993)(service of motion was proper even though motion was mailed to a post office box and not to the company's officer or agent, where company had designated the box as address to which all notices to it should be sent).

Consistent with the rationale of these cases, we conclude that because plaintiff had designated the Portland post office box as the address at which demands would be received, S & W's demand was received by

plaintiff when it reached the post office box and was available for pickup.

This conclusion is unaffected by the fact that plaintiff's courier did not actually pick up the demand and deliver it to plaintiff's office until September 3. *See Central Paper Co. v. Commissioner of Internal Revenue, supra,* 199 F.2d at 905 ("failure or unreasonable delay on the part of Tax Court employees to transfer [the petition] from the lock box to the Clerk's Office ... is not chargeable to the taxpayer"); *Lavan v. Philips,* 184 Ga.App. 573, 362 S.E.2d 138 (1987)(where failure of the clerk's office to pick up mail from post office box resulted in dismissal of complaint as untimely, complaint would be considered filed on date it reached post office box); *Sears, Roebuck de Puerto Rico, Inc. v. Soto–Rios,* 920 F.Supp. 266, 272 (D.P.R.1996) (characterizing government's conduct as "bad and perhaps even illegal," though not rising to the level of a constitutional violation, where government had established a post office box for receipt of payment and then declared Sears' premium payment untimely when the payment reached the box on time but was not picked up and processed until the following day); *but see United States v. Peters,* 220 F.2d 544 (10th Cir.1955) (claims for tax refunds that reached post office box on Sunday were not filed, within meaning of tax code, until they reached Internal Revenue Service offices on Monday).

Nor is a different conclusion warranted because S & W chose to send the demand by express mail, which requires a signature upon delivery unless the sender waives the signature requirement, which S & W did not do. Citing *School District RE–11J v. Norwood,* 644 P.2d 13 (Colo.1982); *Aetna Finance Co. v. Summers,* 44 Colo.App. 491, 618 P.2d 726 (1980), *aff'd,* 642 P.2d 926 (Colo. 1982); and *Dodge v. Meyer,* 793 P.2d 639 (Colo.App.1990), plaintiff argues that a sender who places restrictions on a letter, *e.g.,* by sending it return receipt requested, bears the risk of non-delivery if the letter is not delivered because the addressee's signature could not be obtained. Here, however, the fact that S & W's demand letter did not reach the plaintiff's office until September 3 was unrelated to any signature requirement.

The demand letter was available at the post office box on August 30, and the courier could have signed for it on that date. A letter sent by regular mail and arriving at the post office box after 5:00 a.m. on August 30 would likewise not have reached the corporate offices on that day.

Under the undisputed facts presented here, S & W's notice was received by plaintiffs within the statutory time period. The trial court thus did not err in granting S & W's motion for summary judgment.

## II.

■ Plaintiff and its attorneys contend that the trial court's assessment of attorney fees against them, jointly and severally, was unwarranted and must be reversed. We agree.

S & W had sought attorney fees under §13–17–102, C.R.S.1997, C.R.C.P. 11, and §7–113–302(2)(b), C.R.S.1997 (which provides that a court may assess fees against a corporation if it acted "arbitrarily, vexatiously, or not in good faith with respect to the rights provided by this article"). The trial court assessed fees against plaintiff and its counsel because it found plaintiff's arguments "frivolous and without merit."

Although the court did not cite the statutory basis for the award, its use of the term "frivolous" suggests that it was intending to award fees pursuant to §13–17–102, which provides for an award of attorney fees if the court finds that an action is substantially frivolous, substantially groundless, or substantially vexatious.

■ A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense. *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984); *Little v. Fellman,* 837 P.2d 197 (Colo.App. 1991).

■ Claims involving novel questions of law for which no determinative authority exists are not frivolous, groundless, or vexatious. *Board of County Commissioners v. Colorado Counties Casualty & Property Pool,* 888 P.2d 352 (Colo.App.1994); *see also*

*Nienke v. Naiman Group, Ltd.*, 857 P.2d 446 (Colo.App.1992)(reversing portion of fee award attributable to legal question of first impression in Colorado, and stating that law firm would be subject to sanctions for advancing a frivolous claim only if it failed to present any rational arguments to support its position).

The determination whether attorney fees should be awarded under §13–17–102 is within the discretion of the trial court, and will not be disturbed on review if it is supported by the evidence. *Lyons v. Teamsters Local Union No. 961*, 903 P.2d 1214 (Colo. App.1995). However, attorney fee awards will be set aside if the record does not support a determination that the claim or defense was frivolous. *See Nienke v. Naiman Group, Ltd., supra; SaBell's Inc. v. City of Golden*, 832 P.2d 974 (Colo.App.1991)(trial court erred in awarding fees where record did not support conclusion that claim regarding bonds was either frivolous or groundless); *Cassidy v. Smith*, 817 P.2d 555 (Colo.App.1991)(rejecting trial court's finding that action was frivolous, where substantial legal arguments supported plaintiffs' position); *William H. White Co. v. B & A Manufacturing Co.*, 794 P.2d 1099 (Colo.App. 1990)(claim not frivolous where plaintiff asserted a rational argument in support of its contention).

As noted, the issue of what constitutes receipt of a demand notice under §7–113–209(2) is a question of first impression in Colorado. There was a rational basis for plaintiff's argument that the demand was not received until it reached the corporate office. The express mail label on S & W's demand letter indicated that delivery was "attempted" on August 30, and that the date of delivery was September 3. Even after it was subsequently clarified that the letter had in fact been available for pickup at the post office box on August 30, it was not irrational for plaintiff to rely on the statutory definition of "receive," which on its face contemplates actual receipt at the corporate office, and on Colorado cases finding no actual receipt where the sender chose a method of mailing that required a signature, as a basis for

arguing that it had not actually received the demand until September 3.

The fact that both we and the trial court have rejected this argument does not make it frivolous. *See SaBell's, Inc. v. City of Golden, supra; E.B. Jones Construction Co. v. City & County of Denver*, 717 P.2d 1009 (Colo.App.1986).

In sum, we conclude that the record does not support a finding that plaintiff's action was "frivolous and without merit," and that the award of attorney fees must accordingly be reversed. We also conclude that the appeal is not frivolous, and thus decline to award S & W its attorney fees on appeal. *See Wood Brothers Homes, Inc. v. Howard*, 862 P.2d 925 (Colo.1993).

In light of our resolution of this issue, we do not reach the appellants' alternative argument that the trial court failed to make the findings required under §13–17–103, C.R.S. 1997, in support of its award.

The summary judgment in favor of S & W is affirmed. The award of attorney fees is reversed.

TAUBMAN and KAPELKE, JJ., concur.