NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

TAX COURT OF NEW JERSEY



**Mala Sundar**
 **JUDGE**

R.J. Hughes Justice Complex
P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone 609.815.2922 x54630
TeleFax: 609.376.3018
taxcourttrenton2@judiciary.state.nj.us

November 6, 2017

Jennifer R. Jacobus, Esq.
Jacobus & Associates, L.L.C.
201Littleton Road, 1st Floor
Morris Plains, New Jersey 07950

Gregory B. Pasquale, Esq.
Shain Schafer
Suite 105, 150 Morristown Road
Bernardsville, New Jersey 07924

Re: Spring Inc. v. Township of Monroe
Block 76, Lot 24
Docket No. 009730-2017

Dear Counsel:

This opinion decides defendant's timely motion to dismiss the above captioned complaint, which was filed on grounds plaintiff failed to respond to the tax assessor's request for income and expense information pursuant to N.J.S.A. 54:4-34 (commonly known as "Chapter 91"). Plaintiff contends that it never received the Chapter 91 request which was returned to the assessor's office as "unclaimed," and that defendant should have, but never, re-sent the request by first-class mail.

The facts taken from the certifications and attachments thereto, are as follows. On October 20, 2016, the assessor for defendant ("Township") mailed by certified mail, return receipt requested, a Chapter 91 request to plaintiff for income and expense ("I&E") information. Included

*

with the request was a copy of statute, and the I&E form.  The property owner's address was a P.O. Box in South Plainfield, New Jersey.

The mail was returned to the assessor's office on December 19, 2016.  On the face of the envelope was a stamp "return to sender," a hand-written notation "L/N 10/22" (meaning the post office left plaintiff a notice of mail on October 22), and a darkened box next to the work "unclaimed" (meaning the mail was being returned as unclaimed).  The postal service's electronic tracking record indicates that a certified mail had arrived at the South Plainfield post office on October 22, 2016 at 9:48 a.m. and was "ready for pickup."  Another such tracking information shows the status of the certified mail as follows: (1) on December 15, 2016 it was returned as "Unclaimed/Being Returned to Sender;" (2) on December 15, 2016, it arrived at the post office's distribution center in Kearny, New Jersey; (3) on December 16, 2016, it left the distribution center; and, (4) on December 19, 2016, it was "delivered to the original sender in Monroe Township."

Plaintiff opposed the motion on grounds it never received the certified mail, as evidenced by the "unclaimed" endorsement on the mailing envelope, although the mailing address at the P.O. Box was correct.  Plaintiff's managing member certified that he picks up mail from the P.O. Box on a weekly basis, and has never had any issues with receiving certified or first-class mailings which were "properly delivered" to the P.O. Box, including "the quarterly tax bills."  He noted that had he received a Chapter 91 request, he would have promptly responded.  He also noted that since the mail was returned as "unclaimed," it was "undeliverable," consequently the Township should have, but did not prove a follow-up first-class mailing.

The Township countered that this was not a case of a mail returned by the post office as undeliverable, therefore its motion should be granted, a result which would have undoubtedly

2

followed an identical mailing to a street address which was returned as "unclaimed," as shown by precedent.

**ANALYSIS**

The only issue here is the alleged lack of receipt of the Chapter 91 request. Otherwise, there is no dispute as to the mailing address, property owner, property identification, all contained on the mailing envelope, certified mailing receipt, the return receipt card, and copies of the contents of the Chapter 91 request.

"The touchstone of due process is fair notice and an opportunity to be heard. The door to tax appeals cannot be closed unless the municipality has given the property owner fair notice of the Chapter 91 obligations." Towne Oaks at South Bound Brook v. Borough of South Bound Brook, 326 N.J. Super. 99, 102 (App. Div. 1999), certif. denied, 164 N.J. 188 (2000).

Here, the certified mail was returned as "unclaimed." This means attempted delivery but no receipt of the certified mail, return receipt requested. See Cardinale v. Mecca, 175 N.J. Super. 8, 11 (App. Div. 1980) (unclaimed mail is one returned to the post office "if no one accepts delivery by signing the return receipt.").[1] Presuming there was notification from the post office to the mail recipient of the certified mail, and "assuming a correct address," a piece of mail which is sent certified mail would have reached the mail recipient, and a sender is "entitled to rely upon" the recipient's "reasonable attention" to his, her, or its mail. Ibid.

Here, there was such notification as evidenced by the post office's notation on the mailing envelope and from the documents produced as the post office's electronic tracking system.

---

[1] See also United States Post Office Domestic Mail Manual, Exhibit 1.4.1, "USPS Endorsements for Mail Undeliverable as Addressed," (updated October 2, 2017), that an "endorsement" on the mail showing "unclaimed" denotes the "reason for nondelivery" as "addressee abandoned or failed to call for mail." Available at https://pe.usps.com/cpim/ftp/manuals/dmm300/507.pdf"(last visited November 3, 2017).

Plaintiff's representative did not alleged that he never received any notification from the post office that there was mail to be collected (contrary to the post office's electronic tracking information). He also certified that he has never had any issues with receiving any mail, certified or otherwise, addressed to the P.O. Box. Thus, there is nothing to refute the attempted delivery of the mail to plaintiff. A failure to pay attention to the post office's notice to pick up mail, whether the same be on purpose or inadvertently, does not equate to lack of receipt of the mail for purposes of Chapter 91. The Township should not be deemed to have violated Chapter 91 when it takes an additional step of ensuring receipt (by paying for and using the return receipt requested), and such receipt is thwarted by the recipient's failure to pick up mail.

Plaintiff's argument that the Township did not satisfy its obligations imposed by Chapter 91 in that there was no follow-up first-class mailing of the Chapter 91 request, is unpersuasive. An unclaimed mail, which admittedly shows non-receipt, is a failed delivery attributable to actions or inactions by the mail recipient. This is evidently different from a non-receipt due to a return of mail because the post office could not (and did not) deliver or attempt to deliver the mail (example: unknown address, unable to forward[2]). Under the former situation, a Township would not run afoul of the notice requirements for a Chapter 91 request. Under the latter, it likely would.

For the aforementioned reasons, the court grants the Township's motion in part since plaintiff is entitled to a reasonable hearing pursuant to Ocean Pines, Ltd., v. Borough of Point Pleasant, 112 N.J. 1 (1988). An Order reflecting this opinion will be simultaneously entered.

Very Truly Yours

Mala Sundar, J.T.C.

---

[2] See United States Post Office Domestic Mail Manual, supra, at Exhibit 1.4.1, "USPS Endorsements for Mail Undeliverable as Addressed."