NEW YORK CENTRAL RAILROAD COMPANY, RESPONDENT, v. FRANK PETROZZO, APPELLANT.

Submitted July 8, 1918—Decided November 18, 1918.

1. The evidence showing without contradiction the sending of a written notice by mail in the usual manner, the legal presumption that such notice was received stood unchallenged and it was properly removed from the consideration of the jury.

2. The court having directed a verdict for plaintiff for a specified amount, which amount was disputed at the trial only as to the propriety of a rate of one dollar per day as a factor, and in no other respect—*Held*, that on appeal an objection that the period of time for which such rate was charged was unreasonable, was untenable, as not within the objection to the direction, the exception, or the ground of appeal assigned.

On appeal from the Supreme Court, Morris Circuit.

For the appellant, *C. Franklin Wilson*.

For the respondent, *Vredenburgh, Wall & Carey*.

The opinion of the court was delivered by

PARKER, J.   The appeal is from a judgment entered on a verdict directed in favor of the railroad company, plaintiff, on a claim for storage at one dollar a day as provided in the official tariff under the Interstate Commerce act, of certain empty crates or boxes which had contained fruit and which had been reshipped over the plaintiff's line by Petrozzo, the defendant, and purchaser of the fruit, to Millspaugh & Smith, the sellers thereof.   The empties had been reshipped to Millspaugh & Smith in order to obtain a credit for them on Petrozzo's account.   Millspaugh & Smith refused to receive them; the carrier notified Petrozzo and asked instructions as to their disposition, which he failed to give; they were then placed in storage with notice to Petrozzo of that fact, and that storage charges would run at one dollar per day; he disclaimed all interest in the matter on the ground that they were the property of Millspaugh & Smith.   After some months the company sold the crates at auction for $5 and sued for the storage at one dollar per day less the $5 received.

This was the plaintiff's case, of which there was no substantial contradiction.   It did appear that at the outset the carrier in tendering to Millspaugh & Smith had erroneously claimed some $36 freight which Petrozzo had paid in advance.   This, however, was discovered, the error corrected, and tender again made to Millspaugh & Smith free of freight

charges, but they again refused to receive the crates, this time on the ground that they were broken and worthless. This, of course, raised an issue between Petrozzo and Millspaugh & Smith, to which the carrier was not a party, and the trial judge properly said that in that event the carrier was entitled to look to the shipper to take away the goods and settle his dispute with Millspaugh & Smith, irrespective of their claims.

It also appeared that the final notice to Petrozzo stating the consignee's second refusal on the correct ground and warning him of the accrual of storage charges was in the form of a letter to Petrozzo's counsel, who had intervened in the previous telegraphic correspondence, and whose authority was conceded. Said counsel, however, would not admit the receipt of this letter, though the proof was adequate and uncontroverted that it had been written and mailed in due course. On the other hand, counsel refused to deny its receipt, saying simply that he could not find it in the files and did not find in his retained copies any answer to it.

The argument for appellant, made on printed brief, presents two points as impugning the direction below—*first,* that there was a jury question as to whether consignee refused the goods because of freight charges or because of their condition; *secondly,* that there was a jury question whether the carrier allowed charges to accumulate for an unreasonable time before selling.

The first point is fully met by the uncontradicted evidence touching the second tender to consignees free of freight and their refusal to accept because of the condition of the shipment.

The second point is not properly before us, as it was not made at the trial, nor is it adequately assigned as a ground of appeal. When the direction of a verdict was under consideration, the points debated were, whether as a court question there was notice to defendants of the second refusal by consignees; the ownership of the shipment; and the propriety of a charge of one dollar a day for storage. At no time was it intimated for the defence that the carrier waited an unreasonable time. Furthermore, while the court announced to counsel

his conclusion to direct a verdict for a specified amount—
$208.25—and gave counsel an exception to his "ruling," a
reading of the stenographic report of the trial, and especially
of the colloquy between court and counsel, makes it entirely
clear that the "ruling" excepted to was the direction to the
jury to find for the plaintiff, not the ascertainment of the
amount of such finding. The sole ground of appeal is that the
trial judge "directed a verdict in favor of the plaintiff and
against the defendant, over the objection of the said defendant,
whereas the trial judge should have submitted the case to the
jury for its verdict."

This court has shown some liberality in laying hold of a
question of fact apparent on the testimony, but ignored by
trial counsel, as a reason for reversing the action of a trial
court in taking the case from the jury. In *Bower* v. *Bower*,
78 *N. J. L.* 387, counsel for plaintiff in error overlooked or
ignored a plain issue of fact appearing on the evidence
whether or not a bond pleaded as a set-off had been paid, and
we held that as it was error for the court in directing a ver-
dict to ignore this issue, an exception to the direction would
support a review on that ground. In *Camden* v. *McAndrews
& Forbes Co.*, 85 *Id.* 260, 266, there was a nonsuit in
ejectment, although plaintiff was clearly entitled to a part of
the land sued for and a nonsuit as to all was consequently
error. Plaintiff's counsel did not urge this point against the
nonsuit at the trial, but we said the court should, neverthe-
less, have noticed it. We think the distinction between those
decisions and the case at bar is that in the former cases the
error went to the root of the case, to the right of recovery *vel
non*, and the issue was both apparent and fundamental;
whereas, in the case before us, the point is incidental, relating
only to the amount and not to the right of recovery, and not
apparent in the evidence. It was not an issue unless made
such by the defence. Given the liability of defendant for any
storage he was *prima facie* liable at the rate of a dollar a day
after notice until his goods were removed or sold. If the time
of holding them was unreasonably long, this was a defence
and should have been asserted as such. Not being asserted, the

plaintiff was not required to meet it nor the court to assume its potential existence; especially, as if asserted in due season, it could well have led to considerable additional evidence on both sides.

We conclude, then, that the trial court was not required to take notice of the point of its own motion; that as it was not made at the trial it was necessarily not the subject of an exception, and hence unsupported by a ground of appeal challenging the direction of a verdict at large. Consequently, it should not be considered here. *Smith* v. *Smith's Executor*, 90 *N. J. L.* 282; *Neff* v. *Hannan*, 85 *Id.* 381; *State* v. *Johnson*, 91 *Id.* 611.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.