■ In the Matter of GAYLOR A. (ANONYMOUS), Appellant.—In a proceeding in which appellant was adjudged to be a person in need of supervision, she appeals from an order of the Family Court, Richmond County, dated May 12, 1975, which denied her motion *inter alia* to vacate the order which made said adjudication. Order affirmed, without costs. The issue raised on this appeal is moot. Appellant's complaint is solely as to the program of the Highland State Training School, in which she had been placed. However, she has been transferred out of that school. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.

■ In the Matter of MARGARITA HARVELL et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a proceeding to validate a notice of claim served under subdivision 2 of section 1212 of the Public Authorities Law and subdivision 1 of section 50-e of the General Municipal Law, petitioners appeal from an order of the Supreme Court, Kings County, dated January 15, 1975, which denied the application and dismissed the proceeding. Order affirmed, with $20 costs and disbursements. The governing statute (General Municipal Law, § 50-e, subd 3) requires service by registered mail. Service by certified mail does not comply with this requirement *(Montez v Metropolitan Transp. Auth.,* 43 AD2d 224). Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.

■ In the Matter of the Estate of MARY KOURILO, Deceased. ISAURA C. TEIXEIRA, Appellant; HERMAN PUGDIN et al., Respondents.—In a probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Kings County, dated February 25, 1975, which admitted the will to probate. Decree affirmed, with costs to the guardian for unknowns and with a separate bill of costs jointly to respondents, payable out of the estate. The evidence in this record adequately supports the Surrogate's determination. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.

■ In the Matter of LONG ISLAND LAND DEVELOPMENT CORP., Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK, Appellant.—In consolidated proceedings to review assessments of certain real property for the tax years 1964/1965 through 1971/1972, the appeal is from a final order of the Supreme Court, Queens County, entered July 6, 1972, which, after a nonjury trial, *inter alia,* reduced the assessment for each of the years to $105,000 for the land and $95,000 for the building, for a total of $200,000. Final order modified, on the law and the facts, by increasing the valuation therein for each tax year in question to $110,000 for the land and $99,000 for the building, for a total of $209,000. As so modified, final order affirmed, without costs. We agree with the capitalization rate employed at Special Term. However, its computation failed to take into account the reduction in real estate taxes during the years in question caused by the reduction in assessment. By applying a total capitalization rate of 14.754%, comprised of 9.5% plus 5.254% (the latter percentage being the average real property tax rate for the years in suit), to the net operating income, we compute the correct, rounded-off valuation of the property as $209,000, allocated $110,000 to the land and $99,000 to the building. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.