145 N.J. Super. 452 (1976)
368 A.2d 373
HAROLD HAMMOND, PLAINTIFF-APPELLANT,
v.
CITY OF PATERSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 22, 1976.
Decided December 17, 1976.
*453 Before Judges BISCHOFF, MORGAN and E. GAULKIN.
Planer and Kantor, attorneys for plaintiff-appellant (Mr. Michael Alpart on the brief).
De Yoe, Guiney & Raziano, attorneys for defendant-respondent (Mr. Wood M. De Yoe on the brief).
*454 PER CURIAM.
Plaintiff claims he was injured on October 17, 1973 when he tripped over a manhole negligently maintained by defendant, and that on November 8, 1973 he sent a claim letter to defendant by ordinary mail. He received no acknowledgment of the letter and he did not communicate any further with defendant. On October 21, 1974, a year after the alleged accident, he started this suit. Almost a year later, on October 3, 1975, the court granted defendant's motion for summary judgment on the ground that plaintiff had failed to give the notice required by N.J.S.A. 59:8-10 of the Tort Claims Act. Plaintiff appeals. We affirm.
N.J.S.A. 59:8-10 provides that "A claim may be presented to a local public entity by delivering it or mailing it certified mail to the entity" but the claim "shall be deemed to have been presented in compliance with this section * * * if it is actually received at an office of the * * * local public entity within the time prescribed for presentation thereof." N.J.S.A. 59:8-11 expressly provides that "Proof of mailing may be made in the manner prescribed by the Rules of Court." R. 1:5-4 permits service by ordinary mail only where the addressee "refuses to claim or to accept delivery."
Plaintiff concedes that he did not deliver the notice to defendant or send it by certified mail, and that he has no proof that it was actually received.[1]
Plaintiff's position is that there is a rebuttable presumption that a letter properly addressed, stamped and mailed was received, and therefore (quoting from his brief) "whether or not the notice sent by the plaintiff was actually received or whether or not the defendant can rebut the presumption raised are fact questions to be answered by a jury." Though the motion was made a year after suit was started, *455 and plaintiff had ample time for discovery, he does not contend that at a plenary trial he would or could produce evidence other than the mailing of the letter.
Defendant filed affidavits stating that a search of its records and that of its insurance carrier disclosed no notice from plaintiff prior to the institution of suit. Plaintiff insists that, even so, on the basis of the presumption a jury would have the right to conclude that the notice was actually received, citing Szczesny v. Vasquez, 71 N.J. Super. 347 (App. Div. 1962) and New York Cent. R.R. v. Petrozzo, 92 N.J.L. 425 (E. & A. 1918). However, in neither of those cases was it required that mailing be by other than ordinary mail.
When a statute, such as here, or a contract requires notice by certified mail, no presumption of receipt arises from mailing by ordinary mail. The very reason for providing for certified mail or actual receipt is to avoid such a presumption. Nat'l State Bank v. Terminal Constr. Corp., 217 F. Supp. 341, 355-56 (D.N.J. 1963), aff'd 328 F.2d 315 (3 Cir.1964), citing and distinguishing Szczesny, supra.
It is evident from the tenor of the Tort Claims Act that the Legislature considered the receipt of notice of fundamental importance (N.J.S.A. 59:8-3 to 11). For this reason, it required delivery, certified mail, or actual receipt. The dictionary defines actual as "existing in fact or reality." The care and detail with which the Legislature provided for notice shows clearly that it did not mean to leave proof of actual receipt to a presumption. It provided only two alternatives to certified mail  delivery and, as is equivalent, actual receipt. When the legislature used the word "actual" it obviously did so to emphasize that there be positive and not presumptive proof of receipt.
That statutory requirements for giving notice in a particular fashion must be strictly followed is clear from the cases. Hepner v. Lawrence Tp., 115 N.J. Super. 155, 161 (App. Div.), certif. den. 59 N.J. 270 (1971); Harvell v. N.Y.C. Transit Auth., 49 A.D.2d 765, 373 N.Y.S.2d 14, *456 15 (App. Div. 1975); Jefferson v. Government Employees Ins. Co., 48 A.D.2d 855, 368 N.Y.S.2d 573, 574 (App. Div. 1975); Montez v. Metropolitan Transp. Auth., 43 A.D.2d 224, 350 N.Y.S.2d 665, 666-67 (App. Div. 1974), app. dism. by the New York Court of Appeals, June 30, 1975.
Certified mail assures definite record proof of mailing. The official Mailers Guide, published by the United States Postal Service, says (at 28), "Certified Mail service provides for a record of delivery to be maintained by the post office from which delivered. The carrier delivering the item obtains a signature from the addressee on a receipt form which is kept for two years." The statute provides for delivery, certified mail or actual receipt. Delivery and certified mail connote positive, not presumptive, proof; actual receipt can mean no less.
Affirmed.
NOTES
[1] The contents of the alleged notice did not comply with the requirements of N.J.S.A. 59:8-4. Whether the claim would have been barred if the notice had been received does not seem to have been passed upon below; hence we express no opinion thereon.