740 A.2d 684 (1999)
326 N.J. Super. 99
TOWNE OAKS AT SOUTH BOUND BROOK, Plaintiff-Appellant,
v.
BOROUGH OF SOUTH BOUND BROOK, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1999.
Decided November 23, 1999.
Michael I. Schneck, Roseland, for plaintiff-appellant (Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, attorneys; Mr. Schneck and Jill Daitch Rosenberg, of counsel and on the brief).
William T. Cooper, III, Somerville, for defendant-respondent.
Before Judges MUIR, Jr. and BILDER.
The opinion of the court was delivered by BILDER, J.A.D. (retired and temporarily assigned on recall).
This is an appeal by the owner of income producing property (a 96 unit garden apartment complex) from an order of the Tax Court dismissing its tax appeal for failure to comply with the assessor's request for economic data in accordance with N.J.S.A. 54:4-34. We affirm.
As relevant, N.J.S.A. 54:4-34 provides:
Every owner of real property ... shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, ... and if he shall fail or refuse to respond to the written request of the assessor within 45 *685 days of such request, ... the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request....
The constitutionality of the provision that bars appeal from the assessor's valuation and assessment where the owner has failed to furnish this information has been upheld. Ocean Pines, Ltd. v. Borough of Pt. Pleasant, 112 N.J. 1, 10, 547 A.2d 691 (1988). The issue on this appeal is whether the owner, plaintiff Towne Oaks at South Bound Brook, received adequate notice.
The facts appear undisputed. The assessor sent the request by certified mail and also, to the same address, by regular mail. In accordance with regular post office procedure the certified mail, return receipt requested, was returned to the post office and marked unclaimed when no one accepted delivery by signing the return receipt on August 13, 1997. Five days later, on August 18, 1997, a second attempt was made to deliver and, again unsuccessful, was returned to the post office and marked unclaimed. After another ten days, August 27, 1997, the certified mail was returned to the sender. See Cardinale v. Mecca, 175 N.J.Super. 8, 11, 417 A.2d 551 (App.Div.1980) (explaining the 1980 practice which has been slightly modified). The regularly delivered mail was not returned. Additionally the assessor sent a copy of the request to the attorney for the first mortgagee, who responded that the mortgagee did not own the property. Plaintiff did not respond to the assessor's request for information.
Plaintiff contends that notice by regular mail does not meet the statutory mandate of certified mail notice. Defendant contends that when notice has been properly sent by certified mail and is returned unclaimed and is contemporaneously sent to the same address by regular mail, which is not returned, actual notice by regular mail is sufficient to meet the requirements of the statute. Elsewise, defendant argues, property owners could avoid the requirements of N.J.S.A. 54:4-34 and its consequences by simply refusing the certified mail. And defendant says the uncontested proofs show the mail was properly addressed, contained sufficient postage, showed the proper return address, and was properly deposited with the Post Office. It is to be presumed plaintiff received the notice sent by regular mail. SSI Medical Serv. v. State Dept. of Human Serv., 146 N.J. 614, 621, 685 A.2d 1 (1996). We agree with defendant's propositions.
Plaintiff's reliance on Hammond v. Paterson, 145 N.J.Super. 452, 368 A.2d 373 (App.Div.1976), is misplaced. In Hammond no presumption of receipt arose from mailing by ordinarily mail because no effort had been made to comply with the statutory requirement of actual delivery or notice by certified mail. Id. at 455, 368 A.2d 373. Here defendant complied with the statutory mandate by sending the request by certified mail.
The touchstone of due process is fair notice and an opportunity to be heard. The door to tax appeals cannot be closed unless the municipality has given the property owner fair notice of the Chapter 91 obligations. Cassini v. City of Orange, 16 N.J. Tax 438, 450 (Tax 1997).[1]
We are satisfied that defendant complied with and fulfilled all of the requirements of the statute and gave plaintiff fair notice of its request for economic data. The additional request sent to the mortgagee's attorneys did not dilute that effort but evidenced additional diligence in *686 attempting to give notice to an apparently reluctant recipient.
Affirmed.
NOTES
[1] Plaintiff has not denied the delivery of the regularly mailed request.