TAX COURT MANAGEMENT OFFICE
(609) 815-2922

P.O. Box 972
TRENTON, NEW JERSEY 08625-0972



## Corrected Opinion Notice

### Date: October 12, 2017

**Robert F. Giancaterino, Esq.**
Skoloff & Wolfe, P.C.
293 Eisenhower Parkway
Livingston, NJ 07039

**Ellen K. Fahey, Esq.**
301 North Church Street, Suite 226
Moorestown, NJ08057

**From: Shannon Tremel     Telephone number:  (609)815-2922**

**Re:  Bicor NJ LLC v Township of Maple Shade**
**Docket number: 006194-2017**

The attached corrected opinion replaces the version released on October 10, 2017   The Opinion has been corrected as noted below:

Corrected October 11, 2017-Page 2, 2nd Paragraph


Defendant changed to Plaintiff

NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

TAX COURT OF NEW JERSEY



**Kathi F. Fiamingo**
**Judge**

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 Ext 38303**

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE TAX COURT
COMMITTEE ON OPINIONS**

Opinion corrected October 11, 2017 - Pg. 2, 2nd paragraph Defendant changed to Plaintiff

October 10, 2017

Robert F. Giancaterino, Esq.
Skoloff & Wolfe, P.C.
293 Eisenhower Parkway
Livingston, New Jersey 07039

Eileen K. Fahey, Esq.
Attorney for the Township of Maple Shade
301 North Church Street, Suite 226
Moorestown, New Jersey 08057

> Re:     Bicor NJ LLC Block 189.03, Lot 4 v.
>          Township of Maple Shade
>          <u>Docket No. 006194-2017</u>

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's motion to dismiss plaintiff's complaint for failure to provide income and expense data pursuant to N.J.S.A. 54:4-34. For the reasons explained more fully below, defendant's motion is denied.

I.     <u>Findings of Fact and Procedural History</u>

The court makes the following findings of fact based on the submissions of the parties.

The Township of Maple Shade's Tax Assessor certifies that she caused to be mailed to Bicor NJ, LLC, ("plaintiff"), the owner of Block 189.03, Lot 4, Maple Shade New Jersey (the "subject property") a request for written information, commonly known as a Chapter 91 Request.

*

Included with the Chapter 91 request were a Letter of Instructions addressed to the owner requesting income and expense information to be submitted by the owner/taxpayer and a copy of N.J.S.A. 54:4-34.

The Chapter 91 request was sent to the plaintiff by certified mail return receipt requested and by regular mail. The certified mailing receipt was not returned to the Assessor, nor was the ordinary mail returned to the Tax Assessor undelivered. The plaintiff neither completed and returned the information requested within the time required by N.J.S.A. 54:4-34, nor contacted the Tax Assessor regarding any questions it had.

Plaintiff certifies that it maintains careful and accurate files with respect to taxes and tax assessments and correspondence with the municipality and its assessor. Plaintiff further certifies that it has carefully reviewed its records and has consulted with members of its staff, but that there is no record of the Chapter 91 Request having been delivered to its offices. Plaintiff opines that some difficulties it experienced with mail deliveries during the time in question may account for the failure of the delivery of the certified mailing, as well as the lack of the return of the regular mailing.

Plaintiff filed a complaint contesting the assessment against the subject property on March 31, 2017. Defendant filed its motion to dismiss for failure to respond to its Chapter 91 request on August 16, 2017, which plaintiff opposed.

**LEGAL ANALYSIS**

N.J.S.A. 54:4-34 provides:

> Every owner of real property of the taxing district shall, *on written request of the assessor, made by certified mail, render* a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45

days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days…or shall have rendered a false or fraudulent account…In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.

N.J. Court Rule 8:7(e) provides a mechanism by which an Assessor may move to dismiss the complaint of a taxpayer who fails to respond to the request for income and expenses and requires that such motion be made no later than (1) 180 days after the filing of the complaint or (2) 30 days before the trial date. Defendant's motion to dismiss is timely under the Rule.

The legislative purpose behind Chapter 91 "is to assist the municipal tax assessors…by affording them access to fiscal information that can aid the valuation of income-producing property." Lucent Technologies, Inc. v. Township of Berkeley Heights, 405 N.J. Super. 257, 263 (App. Div. 2009), rev'd in part, aff'd in part, 201 N.J. 237 (2010); SKG Realty Corp. v. Wall Township, 8 N.J. Tax 209, 2011 (App. Div. 1985); ML Plainsboro Ltd. v. Plainsboro Township, 16 N.J. Tax 250, 256 (App. Div. 1997). Chapter 91 is an elective system for assessors to obtain necessary financial data from taxpayers for income-producing property to fix the full and fair market value for purposes of tax assessments. Tower Center Associates v. Township of East Brunswick, 286 N.J. Super. 433 (App. Div. 1996); Westmark Partners v. Township of Deptford, 12 N.J. Tax 591 (Tax 1992). In effect, Chapter 91 provides a mechanism for tax assessors to evaluate a property's economic records and to reasonably arrive at a fair assessment, thereby potentially "avoid[ing] unnecessary expense, time and effort" which may result in any ensuing tax appeal litigation. Ocean Pines, Ltd. v. Point Pleasant Borough, 112 N.J. 1, 7 (1988) (quoting

Terrace View Gardens v. Township of Dover, 5 N.J. Tax 469, 474-75 (Tax 1982), aff'd o.b., 5 N.J. Tax 475 (App. Div.), certif. denied, 94 N.J. 559 (1983).

However, in light of the harsh appeal-preclusion penalties imposed under N.J.S.A. 54:4-34 for failing to timely and adequately respond to a Chapter 91 request, our courts have mandated tax assessors' exacting compliance with the statute. See, SAIJ Realty, Inc. v. Town of Kearny, 8 N.J. Tax 191 (Tax 1986) (concluding that the failure to include a correct copy of the statute invalidated the Chapter 91 request). The statute requires that the request for financial information be served by certified mail and include a copy of the statute. Further, if a tax assessor seeks information from a taxpayer for income-producing property, the assessor "must utilize 'clear and unequivocal language' to provide taxpayers with fair notice of their Chapter 91 obligations." Town of Phillipsburg v. ME Realty, LLC, 26 N.J. Tax 57, 64 (Tax 2011) (quoting Cassini v. City of Orange, 16 N.J. Tax 438, 453 (Tax 1997)). Tax assessors "are experts in the field of real estate valuation…while the owners of income producing properties include not only substantial business enterprises…but also small business persons who may have difficulty reading complex and confusing forms and may lack ready access to legal advice." Cassini, supra, 16 N.J. Tax at 447. The courthouse doors cannot be closed on a taxpayer seeking relief from a tax assessment unless the taxing district has afforded the taxpayer "fair notice of their obligations in the Chapter 91 requests." Id. at 450.

In Waterside Villas Holdings, LLC v. Township of Monroe, 434 N.J. Super. 275 (App. Div.), certif. denied, 217 N.J. 589 (2014), a property owner challenged the dismissal of its Tax Court Complaint as a result of the property owner's failure to respond to an assessor's Chapter 91 request for income and expense information, arguing that its failure to respond should be forgiven because the request "was not clear and unequivocal" and the "taxpayer is left to guess whether the

assessor is looking for the most recent [twelve] months of information (August 2009 – July 2010) or January to December 2009." Id. at 281 (internal quotations omitted). The court unequivocally rejected the notion that a taxpayer faced with what it views as an ambiguous request from an assessor for income and expense information may simply ignore the request and avoid the appeal-preclusion provision of Chapter 91.

"Where the taxpayer receives a Chapter 91 request that it deems improper in some fashion, it may not simply ignore its statutory obligation to respond . . . the taxpayer cannot just sit by and do nothing until the assessment is finalized, as this taxpayer did, and thereafter seek to appeal the assessment by plenary review." Id. at 283. The only exception recognized by the court is in "cases in which, for example, the request is so egregiously ambiguous in its identification of the property or in the instruction to the taxpayer that due process principles are offended." Id. at 284-285, n.3 (citing Middletown Twp. Policemen's Benevolent Ass'n v. Township of Middletown, 162 N.J. 361, 367 (2000)). The court cautioned, however, that "[w]e expect that such a case would be rare." Ibid.

In the case before this court, the Tax Assessor certifies that it complied with the Statute by sending a request for income and expense information by certified mail that complied with N.J.S.A. 54:4-34. Plaintiff on the other hand certifies that it keeps careful and accurate records with respect to taxes, tax assessments, and correspondence from the tax assessor and despite this careful record keeping, it has no record of receiving the tax assessor's May 13, 2016 letter requesting income and expense information.

> New Jersey cases have recognized a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed. The conditions that must be shown to invoke the presumption are (1) that the mailing was correctly addressed; (2) that proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in a proper mail receptacle or at the post office.

[Ssi Medical Servs. v. HHS, Div. of Medical Assistance & Health Servs., 146 N.J. 614, 621, (1996). (Internal citations omitted.)]

The Tax Assessor for Maple Shade Township certifies that the request for income and expenses was sent to the plaintiff at the address on file with the Tax collector by certified and regular mail. A copy of the request attached to the Assessor's certification contains a return address of the Tax Assessor. However, the Tax Assessor has not certified that proper postage was applied or that the mailing was correctly addressed or that the mailing was deposited in a proper mail receptacle. Nor has the Assessor provided any evidence of the business custom or practice employed by the Assessor's office with respect to mailing, or that such custom or practice was employed in this matter. Id. at 623-24. Thus, defendant has not established "proof of mailing" as mandated by the Supreme Court of New Jersey.

Further, even if the defendant did establish a presumption of proof of mailing, "[t]he presumption of receipt derived from proof of mailing is 'rebuttable and may be overcome by evidence that the notice was never in fact received.'" Id. at 625 (citing and quoting Szczesny v. Vasquez, 71 N.J.Super. 347, 354 (App.Div.1962); see Waite v. Doe, 204 N.J.Super. 632, 636 (App.Div.1985), certif. denied, 102 N.J. 398 (1986)).

In Towne Oaks v. South Bound Brook Borough, 326 N.J. Super. 99 (App. Div. 1999) the assessor sent a chapter 91 request by regular and certified mail to the same address. The certified mail was returned as "unclaimed" after three attempts at delivery by the post office. The regular mail was not returned, nor did the taxpayer deny delivery of the notice sent by regular mail. The Appellate Division affirmed the dismissal of the taxpayer's complaint finding that the taxpayer received adequate notice of the tax assessor's Chapter 91 request for information, since the request was sent by both certified and regular mail to the same address, even though the certified mail was

returned as "unclaimed." Id. at 101. The court agreed with defendant's argument that "[e]lsewise, . . . property owners could avoid the requirements of N.J.S.A. 54:4-34 and its consequences by simply refusing the certified mail." Ibid. There, it was undisputed that the "mail was properly addressed, contained sufficient postage, showed the proper return address, and was properly deposited with the Post Office" Ibid. Plaintiff did not deny receipt of the regular mail and under those facts it was "presumed that the plaintiff received the notice sent by regular mail." Ibid.

Here, however, defendant has failed to present sufficient facts to entitle it to a presumption of proper mailing. Defendant has not provided any proof that the proper postage was affixed or that the mailing was deposited in the proper mail receptacle or at the Post Office. Nor has defendant provided any evidence of its business practice or custom, or that such practice or custom was employed in this matter. Further, plaintiff denies receipt of the Chapter 91 request.

Even if defendant had established its entitlement to the presumption, however, plaintiff has proffered sufficient evidence to overcome it. In Green v. East Orange, 21 N.J. Tax 324 (Tax 2004) the court held that a defective return receipt alone does not necessarily mean that the delivery is defective, since N.J.S.A. 54:4-34 does not require delivery by certified mail return receipt requested. When combined with a denial by the taxpayer that delivery was made, however, proof of delivery which is defective (return receipt marked only with an X) is insufficient. Here in addition to the absence of a return receipt, Plaintiff certifies that it has no records of receiving the Chapter 91 request and offers a plausible explanation for the non-delivery of the regular mail and why it was not returned to the sender. Plaintiff certifies that frequently the postman accidentally delivered Plaintiff's mail to the building next door and vice versa. To corroborate this assertion Plaintiff attaches a Google Maps' search to its certification demonstrating that its building at Block 189.03, Lot 4, has the same street address as the building next to it, i.e. 201 Philadelphia Pike,

Wilmington, Delaware.  The certification also states that during the time the Chapter 91 request was made the regular postman was ill and not working, and that it is likely that the new postman did not deliver the subject mail correctly.

Defendant has offered insufficient proof to conclude that the Chapter 91 request for information was delivered to the plaintiff.  Defendant further relies upon the certification of its Deputy Tax Collector that she has "no returned mailings or file notes" indicating that property tax or utility bills were not received or went unpaid by the plaintiff during the subject time period and requests that the court presume that the Chapter 91 mailing it sent was received as well.  The Tax Collector's certification as to other mailings is not evidentiary of the delivery of the Chapter 91 request to plaintiff.

Where, as here, there is no proof of delivery of the certified mailing and plaintiff denies receipt of the regular mailing, there is insufficient proof of delivery of the Chapter 91 request to plaintiff.  As a result, the court denies Defendant's motion to dismiss Plaintiff's complaint for failure to provide income and expense data pursuant to N.J.S.A. 54:4-34.

Very truly yours,

Kathi F. Fiamingo, J.T.C.