NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Mala Sundar**
 **JUDGE**

R.J. Hughes Justice Complex
P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone (609) 815-2922
TeleFax: (609) 376-3018
taxcourttrenton2@judiciary.state.nj.us

April 25, 2018

Joseph Buro, Esq.
Zipp Tannenbaum Caccavelli, L.L.C.
280 Raritan Center Parkway
Edison, New Jersey 08837

Joseph Palombit, Esq.
Emil Philibosian, Esq.
Hoagland Longo et al.
40 Paterson Street
New Brunswick, New Jersey 08901

Re: Fulton Partners L.L.C. v City of New Brunswick
Block 300, Lot 2
Docket No. 003351-2017

Dear Counsel:

In this opinion, the court addresses the pending issue raised by plaintiff, namely, whether the prior owner of the above captioned property ("Subject") received the Chapter 91 request mailed by the assessor for defendant ("City").

The facts and procedural history of the above matter is recited in this court's prior letter opinion of February 1, 2018. As pertinent here, the undisputed facts were that on or about June 1, 2016, the City's assessor mailed, via certified mail, return receipt requested, a request seeking income and expense ("I&E") information of/for the above captioned property under N.J.S.A. 54:4-34 ("Chapter 91"). The request was mailed to Fulton Garden Associates, L.L.P. at 2003 Route 130 Suite F, North Brunswick, New Jersey 08902. This entity was the Subject's owner as of June

*

1, 2016. The mailing included a copy of the statute. The signed return receipt showed an acknowledgement that it was received on or about June 6, 2016. The assessor never received a response to the Chapter 91 request.

It is undisputed that plaintiff purchased the Subject on or about August 17, 2016. The deed of sale was recorded December 21, 2016.

Plaintiff timely appealed the Subject's 2017 assessment. The City moved to dismiss the complaint for failure to provide a response to its Chapter 91 request. Plaintiff opposed the motion on several grounds, one of which was that discovery was required because plaintiff had no knowledge whether the prior owner actually received the request or responded to the same.

The court agreed with plaintiff's position and kept this issue pending until both parties completed discovery.[1]

Plaintiff then filed a certification of a partner of the Subject's prior owner. The partner certified that the prior owner of the Subject was Fulton Garden Associates, L.L.P., which had a business address of 2003 Route 130 Suite F, North Brunswick, New Jersey 08902. This is the same address that was used by the City's assessor when he mailed the Chapter 91 request in June of 2016. The partner also certified that during the prior ownership period, the Subject was used as a rent-controlled, low income, residential apartment building, which was sold to plaintiff with the title transfer taking place on December 21, 2016.

The partner further certified that in his role as partner, he had previously received and responded to Chapter 91 requests from the assessor, and that his normal procedures in this regard were to scan and save the blank request electronically, fill out the information, then scan and save

---

[1] The prior letter opinion addressed and disposed of several alternative arguments posited by plaintiff in opposition to the City's motion to dismiss.

2

the completed form, save a hard copy for the file, and then mail the completed request back to the assessor. He certified that he has always followed these procedures when receiving and responding to the City's Chapter 91 requests. He certified that he reviewed the Chapter 91 request at issue, but did not recall receiving the same, and could not find a hard copy or electronic version of it in the prior owner's files for the Subject. He also stated that he did not recognize the signature on the return receipt card. Further, he claimed that had he received the Chapter 91 request, he would have followed his routine practice in providing a response to the same.

Subsequently, the City filed a certification of the signatory of the certified mail return receipt. She stated that she was an employee of the owner of the building located at 2003 Route 130, North Brunswick, New Jersey 08902, which was partially leased to "outside tenants." She stated that one of the tenants was Mid-County Agency, which occupied Suite F, whose point of contact was the same partner of the prior owner of the Subject. The individual certified that her office was located on the building's first floor, and as a courtesy to the tenants, she would, in their absence, occasionally accept and sign for their certified mail. She stated that as was the normal practice, such mail would be placed on the filing cabinet at the front of the office for retrieval by the tenants. She certified that she signed for a piece of certified mail addressed to Fulton Garden Associates L.L.P. on June 6, 2016, and confirmed, after her review of the certified mail return receipt at issue here, that it contained her signature

The court then scheduled a plenary hearing so it could assess the veracity of the certifications and credibility of the affiants.

Prior to the hearing, the parties jointly requested that the motion be decided on the papers because neither party contested the credibility of the other party's affiant.

3

The court refused this request, since it had to assess the credibility of the affiants. The court, therefore, directed the parties to appear with their respective witnesses.

Thereafter, pursuant to a telephonic hearing, the parties placed on the record that neither wanted to pursue a hearing. Although plaintiff's witness (partner of the Subject's prior owner) was able to appear and testify, plaintiff was unwilling to provide his testimony. The City also did not desire to present its witness, especially, when plaintiff would not be producing its witness. Both parties conceded that their respective positions would render their respective affiants' certifications as hearsay and possibly as uncorroborated statements.

## FINDINGS

N.J.S.A. 54:4-34 requires Chapter 91 requests be sent by certified mail, however, it imposes no requirement that a return receipt be used. Green v. East Orange, 21 N.J. Tax 324, 334 (Tax 2004). A return receipt is a "delivery record" of the certified mail, and as such "establishes actual receipt of the" piece of mail. Id. at 333 (citation and internal quotation marks omitted). The "recipient" of the certified mailing, "does not necessarily have to be the addressee." Ibid.

"Certified mail assures definite record proof of mailing" and "[d]elivery and certified mail connote positive, not presumptive, proof." Hammond v. Paterson, 145 N.J. Super. 452, 456 (App. Div. 1976). See also Cardinale v. Mecca, 175 N.J. Super. 8, 11 (App. Div. 1980) ("assuming a correct address" was used on the certified mail item, it would have "reached" the addressee, with or without return receipt requested); Szczesny v. Vasquez, 71 N.J. Super. 347, 354 (App. Div. 1962) ("By force of statute . . . , a required notice may be effectively given if properly mailed, regardless of its receipt.").

The above cases allow this court to conclude that a properly addressed piece of certified mail, return receipt requested, is delivered, and is deemed to be received by the addressee even if

4

the recipient is not the addressee. However, there could be instances of non-delivery, for instance where the return receipt card was returned with notations from the post office such as "attempted not known," "unclaimed," "refused," "moved," "unable to forward," or "insufficient address." Evidently, if reasons for the non-delivery were due to the actions of the recipient, such as deliberately refusing, or purposely choosing not to claim a certified mail, or being negligent in this regard, or failing to do so for personal reasons such as being on vacation, then, the non-delivery will not accrue to the benefit of the addressee.

Here, there were no notations indicating non-delivery of the Chapter 91 request. It is uncontested that the request was correctly addressed, and properly mailed, by certified mail, to the owner at its correct business mailing address in New Brunswick. Further, the certified mail item number on the Chapter 91 request is the same as the one appearing on the return receipt.

However, while there is no question that the Chapter 91 request was delivered to the building where Suite F was located, it appears from the certifications that the mail was not delivered to Suite F, specifically. This may or may not indicate a non-delivery. If Suite F was closed on June 6, 2016 (a Monday), it may be that the mail was delivered to the building owner's employee. The City's witness' certification also raises an inference of delivery. Thus, left open are several unanswered questions. Had the City's witness ever, or often, picked up certified mail for the prior owner's partner in the past (other than the instant Chapter 91 motion)? Was the partner of the prior owner aware of this individual's "tenant courtesy" practice? Had the partner of the prior owner picked up any certified mail (except the instant Chapter 91 request) addressed to the partner, the prior owner, or Mid-County Agency (of which the partner of the prior owner was the contact person), which was placed on the filing cabinet in the front office? Had the partner of the prior owner specifically instructed the City's witness (or other employees of the building

owner) to sign and receive, or not to do so, for the prior owner's certified mail? Did the prior owner have copies of the prior Chapter 91 requests it scanned? Was there a software replacement to the computer such that previously saved documents in the internal drive were over-written by the new software?

Plaintiff raised a factual issue as to the prior owner's notice (i.e., delivery and deemed receipt) of the City's Chapter 91 request. Due to its refusal to provide testimonial evidence, wherein the court has the opportunity to seek clarifications in addition to observing the witnesses' demeanor and candor, thus, their credibility, the court cannot, based on the certifications alone, conclude that the Chapter 91 request was not delivered to the prior owner. Indeed, plaintiff's decision not to provide testimony at the plenary hearing allows this court to draw a negative inference that the Chapter 91 request was delivered to, and received by, the prior owner. As was recently stated:

> We . . . caution trial judges about the dangers inherent in adjudicating contested trials "on the papers," and the corresponding need to make specific factual findings . . . .
>
> [C]ontested cases often turn on credibility determinations, which by their nature are impeded when the trial court cannot make first-hand observations of the witnesses. Additionally, the absence of live testimony obstructs the trial court's ability to obtain additional details that may be necessary to augment or clarify information contained in the documentary evidence, potentially impairing the judge's ability to make more detailed factual findings. [Thus] . . . submitting . . . documents in lieu of testimonial evidence, fails to allow the judge to resolve disputed issues or make credibility determinations. . . . Thus, even when the parties acquiesce to a trial "on the papers," we reiterate that fact-finding hearings must still adhere to fundamental rules of evidence and must be conducted with the formality and decorum we expect from any other adjudicative proceeding . . . .
>
> [New Jersey Div. of Child Prot. & Permanency v. J.D., 447 N.J. Super. 337, 353-354 (App. Div. 2016), certif. denied, 231 N.J. 141 (2017).].

## CONCLUSION

For the aforementioned reasons, the court concludes that plaintiff failed to prove non-delivery of the statutorily compliant, properly addressed, and mailed Chapter 91 request. The City's motion to dismiss the complaint pursuant to Chapter 91 is granted, subject to plaintiff's right to seek a reasonableness hearing under Ocean Pines Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988).

Very truly yours,

Mala Sundar, J.T.C.