NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

-----------------------------------------------x
BRIGANTINE MARINE       :    TAX COURT OF NEW JERSEY
SUPERSTORE INC.,       :    DOCKET NO:   011350-2021
 :
     Plaintiff,       :
 :
     v.          :
 :
CITY OF BRIGANTINE,    :
 :
     Defendants.     :
-----------------------------------------------x

Decided: August 16, 2022

Joseph E. Bock, Jr. for plaintiff (Spiotti & Associates, P.C., attorneys).

Alfred R. Scerni, Jr. for defendant (Parker McCay P.A., attorneys).

CIMINO, J.T.C.

## I.    INTRODUCTION

Plaintiff taxpayer, Brigantine Marine Superstore, Inc. (taxpayer), is the owner of an improved parcel in Brigantine City (City). The taxpayer appealed the assessment of the property to the Atlantic County Board of Taxation (County Board) for the 2021 tax year. The City has filed a motion to dismiss for failure to respond to a Chapter 91 request. The issue is whether the mailing of the Chapter 91 request by the assessor via only certified mail, and not also by regular mail, is sufficient.

For the reasons set forth in greater detail below, attempted service by certified mail alone is inadequate and the Chapter 91 motion to dismiss is denied.

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Brigantine Marine Superstore, Inc. is located at 1225 E. Shore Drive, in the City of Brigantine, in the County of Atlantic. The property is known as Block 5803, Lot 21 on the tax maps of the City of Brigantine.

The assessor mailed the taxpayer a request for income and expense information pursuant to N.J.S.A. 54:4-34, otherwise known as Chapter 91, via certified mail with return receipt requested on September 15, 2020. This letter was returned to the assessor on December 15, 2020, marked "Return to Sender – Not Deliverable As Addressed – Unclaimed." The request was not sent by regular mail. Unsurprisingly, the taxpayer did not respond to the Chapter 91 request. The assessor then set the assessment at $693,000 based on the information she had for the property.

The taxpayer filed an appeal with the Atlantic County Board of Taxation challenging the assessment of the property for 2021. In response to the appeal, the City made a motion under Chapter 91 to dismiss the appeal. The City's motion was granted and the taxpayer's appeal was dismissed.

The taxpayer filed its appeal with the Tax Court and the City renewed the Chapter 91 motion. The issue now before the court was whether the taxpayer

-2-

received adequate notice that its action challenging the assessment would be curtailed for failure to respond to the Chapter 91 notice.

III.    LEGAL ANALYSIS

Taxpayers in New Jersey have been required to provide certain requested information to the assessor upon request since 1918.  L. 1918, c. 236, § 403.  With the adoption of Chapter 91 in 1979, the failure to respond to a request could result in the municipality moving to limit the appeal.  Chapter 91 added the following to N.J.S.A 54:4-34:

> No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request . . . .
>
> [L. 1979, c. 91, § 1.]

The Senate Revenue, Finance and Appropriations Committee's statement as to the bill which would become Chapter 91 indicated that "the problem addressed" was that "the property owner [was] not subject to any penalty for not disclosing property income information.  The property owner [was] free to appeal the assessment, notwithstanding his refusal to provide information which would have affected the valuation, and, perhaps, avoided the appeal from the assessment." S. Revenue, Fin. & Appropriations Comm. Statement to S. 309 1 (Jan. 26, 1978).  As further explained in the Senate Committee's statement, the other problem that was

addressed through the bill was when "an appeal [had] been filed, the assessor [had] no access to information on which the appellant [was] basing his appeal and thus the assessor [was] unprepared to testify in argument to the appellant's representations." Ibid. If a taxpayer could withhold the information until the time of appeal, the assessor would then be required either to prepare a second valuation of the property – a tremendous waste of valuable time and resources – or to defend the original valuation on the taxpayer's appeal. Ocean Pines Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 7 (1988).

In relevant part, N.J.S.A. 54:4-34, as amended by Chapter 91, now reads:

> Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, . . . and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, . . . the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request . . . . In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
>
> [N.J.S.A. 54:4-34.]

This court has noted that the assessor has three obligations when sending a Chapter 91 notice, namely, "(1) the letter must include a copy of the text of the statute; (2) it must be sent by certified mail to the owner of the property; and (3) it must spell out the consequences of failure to comply with the assessor's demand, namely a bar to the taxpayer's taking of an appeal from its assessment."[1] Southland Corp. v. Township of Dover, 21 N.J. Tax 573, 578 (Tax 2004). See also Thirty Mazel LLC v. City of Orange, 24 N.J. Tax 357, 362 (Tax 2009); Fairfield Dev. v. Borough of Totawa, 27 N.J. Tax 306, 308 (Tax 2013). The New Jersey Supreme Court also determined that "statutory provisions governing substantive standards and procedures for taxation . . . are premised on the concept that government will act scrupulously, correctly, efficiently, and honestly." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 427, 495 A.2d 1313, 1318 (1985).

Likewise, "[d]ue process requires that deprivation of property by state action be preceded by notice and an opportunity to be heard." Twp. of Jefferson v. Block 447A, Lot 10, 228 N.J. Super. 1, 4 (App. Div. 1988). "The touchstone of due process is fair notice and an opportunity to be heard. The door to tax appeals cannot be closed unless the municipality has given the property owner fair notice of the

---

[1] As to spelling out the consequences, there is some disagreement as to whether that is necessary. Town of Phillipsburg v. ME Realty, LLC, 26 N.J. Tax 57, 69 (Tax 2011); James-Dale Enters., Inc. v. Township of Berkeley Heights, 26 N.J. Tax 117, 124-25 (Tax 2011); Pisani v. Township of Wayne, 13 N.J. Tax 412, 414-15 (Tax 1993).

Chapter 91 obligations." Towne Oaks at South Bound Brook v. Borough of South Bound Brook, 326 N.J. Super. 99, 102 (App. Div. 1999), certif. den, 164 N.J. 188 (2000) (citing Cassini v. City of Orange, 16 N.J. Tax 438, 450 (Tax 1997)).

Responses to Chapter 91 requests for income and expense information assist an assessor in generating reasonable assessments. It is in the interest of both municipalities and taxpayers to have accurate assessments. Without up-to-date information, assessments can only be completed based upon existing knowledge of the assessor. Without Chapter 91, reliable information would arguably be significantly harder to come by for the assessor.

However, a taxpayer is entitled to clear notice that without response, a tax appeal will be curtailed. In order for the taxpayer to have such notice, the municipality must first provide adequate service of the Chapter 91 request itself. Statutorily, a Chapter 91 request must be mailed via certified mail. N.J.S.A. 54:4-34. Here, the assessor attempted to serve the Chapter 91 request at the taxpayer's address via certified mail. The letter was eventually returned to the assessor, unclaimed, three months later. The assessor did not take any further action to serve the taxpayer. While the assessor may have satisfied the statutory requirement for service, a question remains whether the assessor satisfied the constitutional requirements for service as guaranteed by the Due Process Clause.

The Due Process Clause of the Fourteenth Amendment requires the government provide an owner of property "notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). In a later case, the United States Supreme Court held that the government must take additional reasonable steps to provide notice before taking an owner's property. Jones v. Flowers, 547 U.S. 220, 223 (2006).

The threshold issue is whether a loss of a tax appeal is considered a property interest. The United States Supreme Court determined that a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)). The Court indicated the Fourteenth Amendment's Due Process Clause prevented the states from denying potential litigants use of established adjudicatory procedures, when such an action "would be the equivalent of denying them an opportunity to be heard upon their claimed rights." Id. at 429-430 (citing Boddie v. Connecticut, 401 U.S. 371, 380 (1971)). The Supreme Court of New Jersey has also ruled that a client's interest in a lawsuit and the monetary damages that may come from either a verdict or settlement is unquestionably a property right. S.T. v. 1515 Broad Street, LLC, 241 N.J. 257, 275 (2020).

The cases above provide us a framework set forth by both the Supreme Court of the United States and the Supreme Court of New Jersey that a lawsuit and the monetary benefit that flows therefrom is a species of property that belongs to a litigant. Here, the taxpayer has a property interest in its suit appealing the property tax assessment and the monetary refund it hopes to receive. Through Chapter 91, this suit may be curtailed when there is no response. Because a property interest is at stake, the court must properly analyze whether the taxpayer has been deprived of such property interest without adequate due process.

The next issue is whether attempted service by certified mail alone is sufficient notice to deprive the right to a property interest. An Arkansas statute in Jones provided that the Commissioner of State Lands needed to serve a taxpayer by only certified mail that his property would be sold if not redeemed prior to the date of the sale. Jones, 547 U.S. at 223. Ark. Code Ann. § 26-37-301 (1997). The Commissioner of State Lands attempted to notify Jones of his tax delinquency and the right to redeem the property and mailed a certified letter to Jones' address. Jones, 547 U.S. at 223. This letter went unclaimed and was mailed back to the Commissioner marked as such. Id. at 224. Two years later, the Commissioner published a notice of public sale in a newspaper. Ibid. Eventually, the respondent submitted a purchase offer on the house and the Commissioner again mailed a certified letter to Jones attempting to notify him the house would be sold if the taxes

went unpaid.  Ibid.  Like the first letter, the second letter was returned to the Commissioner marked "unclaimed."  Ibid.  Upon the house being sold, Jones filed a lawsuit alleging that the Commissioner's failure to provide notice of the tax sale resulted in the taking of property without notice required by due process.  Ibid.

The Court mentioned in Jones that when a letter is returned by the post office, the sender will ordinarily attempt to resend it, if practicable. Jones, 547 U.S. at 230. See also Small v. United States, 136 F.3d 1334, 1337 (D.C. Cir. 1998).  The Court further concluded that the State needed to take additional reasonable steps to notify Jones. Jones, 547 U.S. at 234.  One step the Court highlighted was to mail the letter by regular mail so that a signature was not required.  Ibid.

Like the Arkansas statute that was questioned in Jones, a Chapter 91 request is only required to be sent by certified mail.  Neither statute specifies that the request must be sent by regular mail as well.  Jones indicates that a state may not take property without making additional steps to ensure that notice is provided.  Ibid.  As indicated above, such a loss of tax appeal and the potential monetary benefits therefrom would constitute a property right and therefore, one of these additional steps could possibly be to serve the taxpayer with the notice via regular mail so that a signature is not required.

However, the question now before this court is not the loss of land, but the loss of a cause of action and any tax refund that may accrue.  Due process is a flexible

concept, the bedrock of which is to provide notice and opportunity to be heard. Id. at 223. While it is clear certified mail alone is not sufficient to provide notice in this case, the question is what type of service is. As stated in Matthews v. Eldridge, 424 U.S. 319, 332-335 (1976), identification of the specific dictates of due process generally requires consideration of three distinct factors. First, the importance of the private interest at stake; second, the risk of erroneous deprivation of an interest through the procedures used, and the probable value of additional safeguards; and third, the government's interest. Id. at 335.

Here, the assessor mailed the Chapter 91 request via certified mail and upon its return as "unclaimed" she took no further action. With the return of the letter, the assessor understood that the taxpayer did not have receipt. By not taking any further action the assessor did not give the taxpayer clear notice that failure to comply would result in a loss of a plenary appeal. This is an important interest that the first factor of Matthews encompasses. Once the Chapter 91 motion is granted, the taxpayer's cause of action is gone except for a reasonableness hearing which is a more difficult case for a taxpayer to establish.[2] See Ocean Pines, 112 N.J. at 11 (as to reasonableness hearing).

---

[2] "A reasonableness hearing . . . does not include plenary proofs as to the value of the property under appeal but only proofs as to whether the assessment imposed by the assessor was reasonable 'in light of the data available to the assessor at the time of valuation.'" Lucent Technologies, Inc. v. Township of Berkeley Heights, 24 N.J. Tax 297, 308 (Tax 2008) (citing Ocean Pines, 112 N.J. at 11).

The Supreme Court in Jones shows that the second factor of Matthews indicating that additional safeguards are required does not mean a substantial burden must be imposed on the assessor, nor must she go above and beyond to find the taxpayer. Jones, 547 U.S. at 235-36. See also Township of Brick v. Block 48-7 Lots 34, 35, 36, 202 N.J. Super. 246, 251-52 (App. Div. 1985) (In tax foreclosure action, address supplied by taxpayer to tax assessor sufficient for purposes of service). The assessor would not have to search or track down the taxpayer. As expounded upon in Jones:

> Due process does not require that a property owner receive actual notice before the government may take his property. Rather, we have stated that due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."
>
> [Jones, 547 U.S. at 226 (citing Mullane, 339 U.S., at 313)(citations omitted).]

Sending another copy of the same request by regular mail sufficiently informs the taxpayer that a loss of a plenary appeal is the consequence of noncompliance.[3]

---

[3] Jones is not the only foray of Supreme Court into whether regular mail provides notice reasonably calculated, under all the circumstances, to apprise an interested party. In Greene v. Lindsey, 456 U.S. 444 (1982), a landlord-tenant action, the Court required regular mail, in addition to posting on the door, of the pendency of an eviction proceeding. Id. at 455. There was evidence that notices posted on doors were torn down by children. Id. at 453. To cure this problem, notice by regular mail "go[es] a long way" and is an "inexpensive and efficient mechanism . . . to enhance the reliability of an otherwise unreliable notice procedure . . ." Id. at 455. In the

Finally, as to the last factor, it is in the government's interest for assessors to have complete and accurate information so that the rest of the taxpayers in the municipality are not unfairly burdened. The government should try to ensure that each taxpayer is paying the proper amount based on a reasonable assessment. Without the income and expense information, a reasonable assessment may not occur and could create a burden on other taxpayers. The governmental interest here is not to clear the tax appeal docket, but to collect information to ensure accurate assessments. Just as the Supreme Court observed that "[s]uccessfully providing notice is often the most efficient way to collect unpaid taxes," successfully providing the Chapter 91 request is a most efficient way of ensuring accurate assessments. Jones, 547 U.S. at 236 (citing Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800, n. 5 (1983) (more effective notice may ease burden on State if recipient arranges to pay delinquent taxes prior to tax sale)).

The Appellate Division has held that in a case where the municipality sent a Chapter 91 request via certified and regular mail and only the regular mail was received, service was sufficient. Towne Oaks, 326 N.J. Super. at 102. There, a taxpayer believed that regular mail did not meet the statutory standard of certified mail. Id. at 101. The court indicated that by properly sending the request via

case now before the court, the issue is not unreliable service, but no service. Certainly, regular mail, as opposed to certified mail which was not delivered, is more reasonably calculated to apprise the taxpayer of its Chapter 91 obligations.

-12-

certified mail the assessor had met the statutory requirement of Chapter 91.  Ibid. The court distinguished this case from Hammond v. Paterson, 145 N.J. Super. 452 (App. Div. 1976), because there, no effort to comply with the statutory requirement of actual delivery or notice by certified mail was made.  Towne Oaks, 326 N.J. Super. at 102.

The Appellate Division in Towne Oaks shows us that when notice is statutorily required by certified mail and is sent by both regular and certified mail, that the receipt of the regular mail is adequate for both due process and statutory purposes.  Had the assessor done so with this Chapter 91 request, service would have comported with the dictates of the Appellate Division in Towne Oaks.  Instead, the assessor only sent it by certified mail, and it went unreceived.  In fact, the taxpayer is "no better off than if the notice had never been sent."  Jones, 547 U.S. at 230.  It is the job of the assessor, as part of the government, to make sure that taxpayers have fair notice before a loss of appeal.[4]  By not taking any additional steps, the assessor did not meet the burden to satisfy adequate service as required by due process.

The brief discussion of due process by both our Supreme Court and the Appellate Division in Ocean Pines is inapposite to the issue now before the court.

---

[4]  This is not to say the assessor was not doing her job.  Prior to this decision, the only guidance the assessor had was the plain words of the statute which only mentions certified mail.

Unlike the case at hand, in Ocean Pines, the Chapter 91 request was received by the taxpayer.  Ocean Pines, 112 N.J. at 4.

The courts in Ocean Pines discussed due process even though Ocean Pines received the Chapter 91 request, failed to respond, and was thus barred from pursuing a plenary proceeding.  Ocean Pines, 112 N.J. at 9-10, 213 N.J. Super. 351, 354-55 (App. Div. 1986).  As pointed out by the Appellate Division by way of example, an assessor is not free to raise the assessment ten times just because the taxpayer did not respond.  Ocean Pines, 235 N.J. Super. at 355.  Since Chapter 91 requires the assessor in any event to set the assessment at a reasonable amount, the courts required a reasonableness hearing to be conducted.  Ocean Pines, 112 N.J. at 11, 235 N.J. Super. at 355

A reasonableness hearing is "limited in its scope" and "may be disposed . . . in summary manner, without the taking of testimony."  Ocean Pines, 112 N.J. at 11, 12.  The inquiry is "focus[ed] solely on whether the valuation could reasonably have been arrived at in light of the data available to the assessor at the time of the valuation."  Id. at 11.  There is little doubt that a reasonableness hearing is something less than the plenary hearing guaranteed in the normal course of filing a tax court complaint.

It must be remembered that the issue here is not whether a reasonableness hearing is the type of hearing that satisfies constitutional due process without regard

to Chapter 91. Rather, the issue is whether losing the statutory right to a plenary hearing without adequate notice constitutes a deprivation of due process. The Supreme Court plainly prohibits "denying potential litigants use of established adjudicatory procedures, when such an action would be 'the equivalent of denying them an opportunity to be heard upon their claimed rights.'" Logan, 455 U.S. at 429-30 (quoting Boddie v. Connecticut, 401 U.S. 371, 380 (1971).)

Some may argue that here the taxpayer would not go totally unheard, and an abbreviated and limited reasonableness hearing is good enough. Instructive to this issue is the Supreme Court's decision in Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988). Default judgment was entered against Peralta who did not receive adequate service of the complaint for medical bills which Peralta guaranteed for a non-party. Id. at 81-82. The Texas courts required the showing of a meritorious defense in order to vacate the default judgment. Id. at 82-83. Peralta conceded he did not have a meritorious defense and the Texas courts determined that Peralta suffered no harm since the same judgment would have ultimately been entered. Id. at 82-84. Peralta countered that with proper notice, he could have impleaded the employee whose debt was guaranteed, worked out a settlement or sold property voluntary, rather than through garnishment, to satisfy the debt. Id. at 85. The court ruled that:

> Where a person has been deprived of property in a manner
> contrary to the most basic tenets of due process, "it is no

answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits." Coe v. Armour Fertilizer Works, 237 U. S. 413, 424 (1915). As we observed in Armstrong v. Manzo, 380 U. S. 545, 552 (1965), only "wiping the slate clean . . . would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place." The Due Process Clause demands no less in this case.

[Peralta, 485 U.S. at 86-87.]

Here, it is far from given that a reasonableness hearing would yield the same result. Even if it could be argued that the same result would be reached, due process dictates that the slate be wiped clean and a plenary hearing allowed. With the limitations of a reasonableness hearing, the bargaining power of the taxpayer has been diminished as well as chances of success in a limited summary reasonableness hearing. Wiping the slate clean restores the balance of bargaining power that would have existed but for the Chapter 91 limitation. As stated, a plenary hearing is a right enshrined in statutory law, the deprivation of which cannot be accomplished without due process.

Finally, there is one other consideration besides due process that supports service by regular mail if the certified mail is not successful. Under the oft-stated square corners doctrine, government must deal scrupulously, correctly, efficiently, and honestly with the taxpaying public. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 427 (1985). The intent of the Legislature in adopting Chapter

-16-

91 is to have a tool to obtain correct assessments, not a trap to clear the tax appeals docket. See S. Revenue, Fin. & Appropriations Comm. Statement to S. 309 1. Good service serves the important goal of the assessor obtaining relevant and accurate information for not only the property in question, but also other similar properties in the municipality. Without the small step of regular mail, a taxpayer is not receiving the fairness that is required by the square corners doctrine when a loss of appeal is the consequence.

At the end of the day by surviving a Chapter 91 motion, a taxpayer does not win anything but the right to contest an assessment in court. A challenge to an assessment could also benefit the municipality and other taxpayers. In most cases the court is free to increase as well as decrease the assessment. See Campbell Soup Co. v. City of Camden, 16 N.J. Tax 219, 226-227 (Tax 1996). In other words, the court can peg the assessment at the correct amount. Certainly, this comports with the overarching goal of Chapter 91 in obtaining information so that accurate assessments can be reached.[5]

---

[5] There is some argument that the deprivation of due process does not occur until this court limits the hearing on the basis of Chapter 91. Such a cramped approach would mean that the court would have to be a knowing party to a constitutional violation for the redress of such violation to be actionable. In other words, this cramped approach would require that the taxpayer is limited to some sort of post-deprivation remedy only after the court limits the taxpayer to a reasonableness hearing despite the court knowing in advance adequate notice has not been provided. "In situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a

-17-

## IV.   CONCLUSION

For the foregoing reasons, the City's motion to dismiss is DENIED.

---

postdeprivation tort remedy to compensate for the taking." <u>Zinermon v. Burch</u>, 494 U.S. 113, 132 (1990).  The action before this court is the pre-deprivation remedy.